### COMMONWEALTH *vs.* PAULINA WUNSCH.

Franklin.     Sept. 21. — 22, 1880.     COLT & MORTON, JJ., absent.

No exception lies to the admission of evidence which is competent for any purpose, if the excepting party does not ask for an instruction limiting its effect.

INDICTMENT charging that the defendant, on October 25, 1878, at Greenfield, "unlawfully did use a certain instrument, a particular description of which instrument is to the jurors aforesaid unknown, by then and there forcing and thrusting into the body and womb of a certain woman, whose name is Josie Maguire, the said instrument, with intent thereby then and there to cause and procure the miscarriage of the said Josie Maguire."

Trial in the Superior Court, before *Allen*, J., who allowed a bill of exceptions, which, after stating that the indictment was made a part of it, proceeded as follows:

"Josie Maguire, the person named in the indictment, was called as a witness. The government offered her evidence of conversations with and acts of the defendant at the defendant's house in Greenfield. The defendant objected to this evidence. In reply to a question by the court, the district attorney stated that the government relied on this evidence only to show the intent which accompanied the subsequent act of the defendant at Gill, the latter being the alleged criminal act. The court, for that purpose, admitted the evidence, and the defendant excepted; thereupon Josie Maguire testified in substance as follows: 'I first saw the defendant at her house in Greenfield, in October 1878. I called there again about a week after: the second time I was there was the 18th of October. I told the defendant I was in trouble and wanted she should help me. I did not tell her I was pregnant. I was not certain of the fact. A female friend who was with me suggested it to the defendant. I asked her if she could not give me something. She gave me some medicine to take. At the second visit to her house, the defendant performed an operation upon me. She used an instrument. I saw it: it looked like steel and had a hook on it. I was on the bed in the bedroom. At each visit the pay was talked about. I paid her $15 at my second visit, the balance was to be paid in a few months. The whole amount to be paid was $50. The defendant agreed to call and see me at Gill.'

"The said Josie Maguire further testified that, a day or two after her second visit to the defendant's house in Greenfield, the defendant came to the house where she was stopping in Gill, and that she and the defendant were alone together in her bedroom some two or three hours, and that while there the defendant repeated the operation which had been performed upon her a few days before at Greenfield; that she saw a number of instruments. The witness gave a general description of some of them. The witness stated that, a few days after, she was taken sick. The above is not all the evidence of Josie Maguire, or all the evidence there was in the case."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*A. De Wolf,* for the defendant. The evidence offered by the government was competent for a certain purpose, and incompetent for other purposes. In the many cases in which such evidence has been admitted, careful instructions have been given to guard against its improper use. In the case at bar, it does not appear that the jury were instructed as to the proper or improper use of the evidence. The indictment charged the defendant with committing the crime at Greenfield, not Gill. The objectionable evidence related to what took place in Greenfield. The court should have instructed the jury fully on this point. Had such instructions been given, the exceptions would have so stated. It is not enough to say that proper instructions would have been given had the defendant requested them. The prejudice to the defendant is the same, whether the omission was accidental or intentional. *Goddard* v. *Perkins,* 9 Gray, 411. *Keener* v. *State,* 18 Ga. 194.

*G. Marston,* Attorney General, for the Commonwealth.

BY THE COURT. The defendant's counsel admitting that the evidence was competent for some purposes, and not having asked at the trial for any instructions limiting its effect, no ground of exception is shown.                 *Exceptions overruled*