S. D. STOCKS *et al.*

*v.*

T. H. SCOTT.

*Opinion filed December 20, 1900.*

BILLS AND NOTES—*plea of total failure of consideration requires proof of that fact.* A plea of total failure of consideration for the notes sued upon requires the defendants to establish that the consideration has wholly failed, and proof of partial failure of consideration is not sufficient.

*Stocks* v. *Scott,* 89 Ill. App. 615, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge, presiding.

HARBAUGH & WHITAKER, and MILLS BROS.; for appellants.

E. J. MILLER, and EDEN, MARTIN & EDWARDS, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from the judgment of the Appellate Court for the Third District affirming a judgment of the circuit court of Moultrie county upon three promissory notes, for the sum of $1250 each, given by appellants to Scott and Glines and by them endorsed to appellee. The appellants claim that the notes were obtained by fraud and that the consideration thereof has wholly failed.

It is first contended by appellants that the court erred in sustaining a demurrer to their fifth plea. The decision of the circuit court in that regard was not assigned as error in the Appellate Court, nor has it been assigned as error in this court, and therefore is not before us for consideration.

It is next contended that the court misdirected the jury as to the law on behalf of appellee. One of the instructions complained of directed the jury that "unless the defendants have shown, by a preponderance of the evidence, that the consideration has wholly failed, as alleged in their plea, your verdict should be for the plaintiff." The suit was based upon the three promissory notes mentioned in the declaration. The defendants averred in their plea that the consideration of said notes had wholly failed. To sustain such plea the defendants were bound to establish a total failure of consideration. To prove a partial failure of consideration was not sufficient. (*Wadhams* v. *Swan*, 109 Ill. 46.) We are of the opinion the court did not err in giving to the jury said instruction.

Three of the instructions complained of are claimed to be defective, in that they require of the appellants a higher degree of proof to sustain their defense than that required by law. The first one directed the jury that "in order to make a defense under the plea, it must clearly appear that the plaintiff and Glines, or one of them, made willfully false statements to defendants about the business and property for which the notes were given." The second one informed the jury "that you are not to presume fraud, but when fraud is alleged it must be clearly proven." By the third the jury are told that "unless it be clearly proven that the plaintiff and W. O. Glines perpetrated a fraud upon the defendants at the time they sold their business to the defendants, you should find for the plaintiff." The appellants were only required to establish, by a preponderance of the evidence, the allegations of fraud set forth in their plea. When considered alone, these instructions required a higher degree of proof than the law requires. A number of instructions, however, given on behalf of the defendants, plainly informed the jury that the appellants were only required to establish, by a preponderance of the evidence, the allegations

of fraud set forth in their plea, and when the instructions on behalf of both parties are taken together as one series, we think the jury could not have been misled as to the degree of proof necessary to establish the defense of fraud.

The objections to the rulings of the court upon the evidence, in our judgment, are not well taken.

Finding no reversible error in this record, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*