M. H. Cartinhour, Appellee, v. Fred G. White, Appellant.

### Gen. No. 5346.

1. PLEADING—*when plea of failure of consideration insufficient.* A plea of failure of consideration must set up such facts as show that the consideration for which the obligation sued upon was given has wholly failed.

2. NEGOTIABLE INSTRUMENTS—*when act of 1907 inapplicable.* Notes executed prior to the act of 1907 going into effect are not governed thereby.

3. NEGOTIABLE INSTRUMENTS—*what fraud did not invalidate prior to act of 1907.* Prior to the acvt of 1907 fraud which went to the consideration rather than to the execution of a negotiable instrument did not invalidate the same in law.

Assumpsit. Appeal from the Circuit Court of Livingston county; the Hon G. W. PATTON, Judge, presiding. Heard in this court at the April term, 1910. Affirmed. Opinion filed October 18, 1910.

L. W. TUESBURG, for appellant.

A. C. NORTON and F. A. ORTMAN, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

The record before us contains the fourth count of a declaration in assumpsit; pleas thereto numbered two and three; a general demurrer thereto and the fourth cause of special demurrer assigned; an order of court showing the withdrawal of all other counts and pleas and causes of special demurrer;

an order sustaining the fourth special ground of demurrer; an election by defendant to abide by his pleas; his default and a judgment for the plaintiff; an appeal by the defendant therefrom; the appeal bond; and the assignment of errors.

The fourth count declared upon a promissory note made by appellant to the order of J. H. Earl and by him assigned to appellee and by appellee assigned to Western Trust & Savings Bank; and averred that said Bank presented said note to appellant and demanded payment after maturity, but appellant refused to pay the same, and thereupon appellee purchased said note from said bank for a valuable consideration and the bank delivered the note to the appellee and thereby appellant became liable to pay appellee the amount of said note and being so liable, appellant in consideration thereof promised to pay appellee the amount of said note, but, though requested, appellant has not paid the same nor any part thereof, but refuses so to do. The second plea alleged that the only consideration for said note was a gold bond entered into by the Southern Mutual Investment Company, whereby said Company promised to pay appellant, his personal representatives or assigns, $6,000 in gold coin of the United States, and to pay said bond's equitable share of the total surplus earnings apportioned to all like bonds maturing the same calendar year, and on the first anniversary of said bond and semi-annually thereafter till maturity said Company would pay appellant interest at 5% per annum on total instalment payments made thereon; that, in reliance on said promises, appellant executed said note to Earl, who was the agent of said Company; that said company thereafter became and still continues insolvent and unable to pay said $6,000 and said equitable share of the total surplus earnings and said Company did not, on the first anniversary of the bond, pay appellant interest at 5% per annum on the total instalment payments made thereon, and is unable to pay said interest semi-annually hereafter, and that said Company was placed in the hands of a receiver, and that there was no other consideration for said note, and that by reason thereof the coneration of the note has wholly failed, and that appellee had

notice of these facts when the note was assigned and delivered to him. It will be observed that this plea does not aver when said bond would mature by its terms, and does not aver that any installment payments had ever been made thereon, nor that there were any surplus earnings to be apportioned among the bonds, and therefore does not show that anything had become due to appellant on the bond. It does not aver that said Company was without assets. While the amount of bond was $6,000 the declaration shows that the amount of the note was only $450. For aught that appears it may well be that said bond is worth very much more than $450. It can hardly be that appellant expected to obtain a bond actually worth $6,000 in gold coin of the United States in exchange for his own promissory note for $450. The second plea therefore does not show that the consideration for the note has wholly failed. A plea of total failure of consideration is not supported by proof of partial failure of consideration. Wadhams v. Swan, 109 Ill. 46; Stocks v. Scott, 188 Ill. 266. As the facts stated in the plea could not be proved to sustain the charge of a total failure of consideration, they also are not sufficient allegations to sustain that charge. The plea did not state a defense to the fourth count.

The third plea professes to be a plea of fraud and circumvention. This note was made on July 31, 1905. Under section 194 of the Negotiable Instrument Act of 1907, that act does not apply to this note. Under the statute in force when this note was executed, the fraud which will invalidate a note must be fraud in obtaining its execution, and not fraud affecting the value of the consideration only. Martina v. Muhlke, 186 Ill. 327; Taft v. Myerscough, 92 Ill. App. 560, and cases there cited. The fraud alleged in said third plea is in overstating the prosperity and responsibility of said Southern Mutual Investment Company, and in falsely stating that certain persons named had taken out bonds in said Company to a large amount, and also by the use of an alleged letter which had not been signed by the person who appeared to have signed the same, whereby appellant was induced to buy a $6,000 gold bond of said Company, upon consideration of

which appellant gave the note in suit. This plea described the bond, as payable in ten years from July 25, 1905, and charged that the company was not in good financial condition and not able to comply with its promises, and that appellee had notice of those facts when said note was assigned and delivered to him. It did not charge that the bond was valueless, and for aught that appears in said third plea the bond may have been worth very much more than the $450 which appellant agreed to pay therefor. It is clear that this plea does not show that the execution of this note was obtained by fraud and circumvention, within the meaning of those terms in the statute governing this case. This plea does not state a defense to the fourth count. As the demurrer was general as well as special and prayed judgment for want of a sufficient plea, we think it was properly sustained. The fourth special cause assigned was that the pleas did not show that the Bank was not an innocent purchaser before maturity for value. and did not show that appellee was the original payee of the note. It is true that it is not charged in either plea that the Bank was not an innocent purchaser before maturity for value nor that plaintiff was the original payee. Appellee contends that regardless of all other defects in the pleas, as the Bank could have sued and recovered on the note unaffected by the circumstances stated in the pleas, therefore when appellee purchased the note from the Bank he acquired the same right. Appellant contends that appellee had notice of these defenses when he first obtained the note from Earl and therefore is subject to the defenses pleaded; while appellee contends that the pleas are to be construed most strongly against the pleader, and therefore are to be taken to mean that appellee had notice when the note was assigned and delivered to him by the Bank and not when he first obtained the note from Earl, and therefore do not deny that he was an innocent purchaser for value before maturity. As we are of the opinion that neither plea presents any defense to the note, the second plea because while it professes to be a plea of total failure of consideration, the facts stated do not constitute a total failure of

consideration, and the third plea, because, while it professes to be a plea of fraud and circumvention, it is not of fraud and circumvention in obtaining the execution of the note, we conclude that it is unnecessary to further discuss the question above stated.

The judgment is affirmed.

*Affirmed.*