Argued December 8, 1925, reversed January 19, 1926.

## BENJAMIN LENTZ v. OREGON GROWERS CO-OPERATIVE ASSOCIATION.

### (242 Pac. 826.)

**Principal and Agent—Action for Principal cannot be Prosecuted in Name of Agent Without Personal Interest.**

1. An action cannot be prosecuted for a principal in the name of a mere agent who has no personal interest in the subject matter.

**Principal and Agent—Agent Having Part in Agreement or Particular Property in Subject Matter has Legal Interest and Right of Action.**

2. If the agent has a part in the contract to which he is made a party, or has a particular property in the subject matter of the agreement, the legal interest and right of action are vested in him.

**Parties—If Judgment for Plaintiff will Protect Defendant When Discharged, His Concern as to Whether Plaintiff is Real Party in Interest is Ended.**

3. While Section 27, Or. L., providing that actions shall be prosecuted in the name of the real party in interest, was enacted for benefit of defendants, if defendant is not cut off from any just offset or counterclaim against the demand, and a judgment for plaintiff will fully protect defendant when discharged, his concern is at an end.

**Sales—Defendant Held not Entitled to Set Up Defense That Plaintiff is not Real Party in Interest.**

4. Where a father authorized his son by lease to latter to cultivate land to loganberries and harvest and sell them, he authorized son to collect for them, and will be bound by satisfaction of any

judgment obtained by the son against the buyer, which will be protected from further suit, and hence cannot set up defense that son's action is not brought in name of real party in interest.

**Parties—To Establish That Party is Real Party in Interest Requires No Higher Proof Than Any Other Fact.**

5. To establish that a party is the real party in interest requires no higher proof than any other fact.

**Judgment—Decree Enjoining Sale Except to Growers' Association Held not to Estop Seller from Suing Association for Price.**

6. Where father, by lease to son, authorized latter to grow and sell loganberries, son had legal interest in berries, and decree enjoining father and son from delivering berries to any other than growers' association did not estop son from suing association for price; matter of payment not being in issue nor determined in former suit.

**Payment—Defense of Payment must be Pleaded.**

7. The defense of payment must be pleaded.

**Appeal and Error—Judgment on Verdict Erroneously Directed Reversed, With Directions to Enter Proper Judgment.**

8. In an action for price of loganberries sold, where court directed verdict for defendant on erroneous assumption that issues were determined in former suit, and testimony as to quantity of berries delivered and reasonable value thereof was uncontradicted, judgment for defendant will be reversed and case remanded, with directions to enter judgment for plaintiff.

---

Contracts, 13 **C. J.**, p. 701, n. 64.
Judgments, 34 **C. J.**, p. 911, n. 35, p. 916, n. 56, p. 922, n. 79.
Parties, 30 **Cyc.**, p. 44, n. 82, p. 83, n. 87, p. 84, n. 88, 90.
Payment, 30 **Cyc.**, p. 1253, n. 15.
Pleading, 31 **Cyc.**, p. 219, n. 98, 1, 4 New.

From Marion: PERCY R. KELLY, Judge.

Department 2.

This is an action by plaintiff to recover from defendant the sum of $1,762.88, alleged to be the reasonable value of 44,036 pounds of loganberries sold and delivered by the plaintiff to the defendant during the months of July and August, 1922. The cause was tried before the court and a jury, and at the close of all the testimony the court directed a verdict in

---

7. Admissibility of evidence of payment under general issue and general denial, see note in 61 **Am. Dec.** 59. See, also, 21 **R. C. L.** 115.

favor of defendant and a judgment was entered accordingly. Plaintiff appeals.

The defendant by its answer denied the alleged sale and delivery of berries and the indebtedness and by an affirmative answer pleaded in bar to the action the decree of the Circuit Court of the State of Oregon, for the county of Marion, in the case of the *Oregon Growers Co-operative Assn.* v. *August Lentz and Benjamin Lentz,* which was decided by this court on February 13, 1923, and is reported in 107 Or. 561 (212 Pac. 811). The gravamen of the defense consists of the allegations found in the answer to the effect that the loganberries, for the value of which this action is brought, were the same loganberries involved in the former litigation and that they were delivered to this defendant in pursuance of an injunction entered in the former litigation.

It is also alleged that the general matter in issue in the former litigation was the ownership of said loganberries, and that it was therein adjudicated that the ownership thereof rested in August Lentz, the father of the plaintiff in this case.

It is further alleged that the payment for said loganberries is a matter for adjustment between August Lentz and this defendant, and not between the plaintiff and this defendant. That the defendant is barred from bringing this action because of the facts and matters above mentioned particularly set forth in the answer. Plaintiff filed a reply putting in issue the new matter of the answer, except as alleged in the complaint.

Upon the trial the plaintiff Benjamin Lentz testified to the effect that during the season of 1922 he delivered to the order of defendant the 44,036 pounds of loganberries mentioned in the complaint and that receipts were issued to him therefor by the company,

to whom the defendant ordered the berries to be delivered. That the reasonable value of the berries was then four cents per pound; that he was the owner of the berries at the time the same was sold and delivered to the defendant; that the price of four cents per pound was the price paid by the defendant to the different growers during the season of 1922; that he had not been paid for the berries. That the berries were grown upon plaintiff's father's place near Salem upon twenty-six acres of land, nineteen acres of which was covered by a contract between his father and the defendant and seven acres, about one third, came from acres not in the contract.

Upon cross-examination of the plaintiff, as a witness, the defendant brought out that the plaintiff Benjamin Lentz was one of the defendants in the equity suit mentioned, and the berries were delivered to the defendant association as a result of the injunction issued by the Circuit Court in the former litigation and were delivered "in obedience and the direction of the court to make delivery to no one other than the Oregon Growers Association."

The defendant introduced in evidence the record of the judgment-roll in the former litigation, in the suit mentioned, and moved the court to direct a verdict in favor of defendant for the reason that the berries for which recovery is sought were the same berries that were involved in the former litigation and produced on the same farm; that the claim of ownership now advanced is based upon the same lease and is the same as that in the former litigation; that the issues in this case were determined in the former suit.

REVERSED.

For appellant there was a brief and oral argument by *Mr. Walter C. Winslow.*

For respondent there was a brief over the names of *Messrs. Dey, Hampson & Nelson* and *Mr. C. J. Young,* with an oral argument by *Mr. A. A. Hampson.*

BEAN, J.—It appears that on April 22, 1920, August Lentz entered into a contract with the defendant association whereby the association agreed to purchase and August Lentz agreed to sell and deliver to the association all of the agricultural or horticultural products of the varieties specified at the end of the contract, grown by or for him during the years 1920 to 1924, both inclusive, that he intended to sell or market or deliver for sale or marketing. A copy of the contract is set forth *verbatim* in the case of *Oregon Growers Assn.* v. *Lentz,* 107 Or. 561 (212 Pac. 811), commencing on page 566 of the former Report. The notation at the end of the contract, on page 573 of the Report, reads in part as follows:

"Growers present acreage in Oregon of products subject to this contract: 15 acres of Logans. B. located at Salem. 4 acres of Logans. N. B. located at Salem."

It appears that in the early part of January, 1922, August Lentz, who had the marketing contract with the association, leased the premises to his son Benjamin Lentz, the plaintiff. The son was to cultivate and harvest the berries and pay all the expenses thereof and divide the net proceeds with his father. In 1922, Benjamin Lentz, the lessee, delivered the loganberries, not only grown on the nineteen acres referred to in the contract between the association and August Lentz, but also all the berries grown upon the twenty-six acres bearing loganberries upon the premises; for the reason, as he asserts, that the decree was not specific as to what nineteen acres were involved, and to avoid any violation of the injunction.

There was no suggestion by the defendant in its answer that it has paid anyone for the berries in question or that it has any offset or counterclaim to the demand made by plaintiff, either as against August Lentz or Benjamin Lentz.

Upon the trial of the equity suit the Circuit Court, after reciting the execution of the contract found, among other things, in effect, that Benjamin Lentz was then a minor of the age of about nineteen years, residing at the home of his father, August Lentz, and that he had knowledge of the signing of the marketing contract by his father with the association. That August Lentz made deliveries under the contract in 1921; that:

"5th. About the month of January, 1922, the defendants (August Lentz and Benjamin Lentz) entered into a working agreement by the terms of which the defendant Benjamin Lentz was to work the same for the year 1922, pay all bills, receive wages and thereafter divide the proceeds received equally with his father August Lentz, and under such an agreement the defendants claim the farm was being operated at the time of the commencement of this suit."

The court further found, after reciting the purpose of the association, that the defendants knew that the association had incurred financial and other obligations in reliance upon the expected faithful performance by the defendants and other members of their respective agreements similar to that of August Lentz; that during the year 1922 the defendants "produced loganberries on nineteen acres of the land owned by the defendant August Lentz, which loganberries were subject to the obligation on the part of the defendants to deliver to the plaintiff" association under the terms and provisions of the marketing

agreement. That they had refused to so deliver. That "plaintiff (association) is entitled to the delivery of loganberries from 19 acres of defendants" and entered a decree enjoining both the defendants, August Lentz and Benjamin Lentz, from delivering any loganberries produced or grown by or for them, or either of them, upon the nineteen acres of land mentioned, covered by the contract "to any other person, firm or corporation than the plaintiff or its order until the first day of January, 1925."

This decree was affirmed on appeal to this court: See *Oregon Growers, etc.,* v. *Lentz, supra.* A careful examination of the record in the former litigation referred to leads us to believe that upon the trial of that suit it was found that August Lentz was the owner of the land upon which the loganberries were raised and that under the terms of the contract with the association, in view of the fact that his son cultivated the land for him during the season of 1922, had knowledge of the execution of the contract and the terms and conditions under which the berries were to be marketed, although he did the work, paid the expenses of raising and harvesting the berries and had an interest in the net proceeds, still he and his father August Lentz were both under obligation to deliver the berries to the association or its order.

We do not find that the absolute ownership of the berries raised during the season of 1922 was found to be in the elder August Lentz. It appears that both had an interest in the berries.

Plaintiff assigns error of the court in directing a verdict for defendant. The testimony is all before the court. It is the contention of defendant that it was determined in the former case that August Lentz was the owner of the berries in question and that the

116 Or.—44

decree in the former case is a bar to this proceeding, and that the payment therefor is a matter to be adjusted between August Lentz and the defendant association. Plaintiff asserts that defendant's claim is in the nature of a plea of abatement and was waived by a failure to plead the same, and have it determined as such prior to a hearing upon the merits.

In *Simon* v. *Trummer,* 57 Or. 153, 160 (110 Pac. 786), an opinion by Mr. Chief Justice MOORE, it is stated, in substance, that some contrariety of opinion exists as to whether the question of a plaintiff's want of interest in the subject matter constitutes a plea in abatement or in bar. Citing several authorities. He then states thus:

"Whether such a defense should be set up by a plea in abatement or in bar is not necessary to a decision herein, for, whatever practice is adopted, the rule seems to be well settled that an answer or plea interposing such an objection must be special and allege in direct terms that the plaintiff is not the real party in interest: Pomeroy, Code Remedies (3 ed.), § 711. This author, at the section noted, says: 'The defense that the plaintiff is not the real party in interest is new matter. A general averment, however, to that effect, is not enough. The facts must be stated which constitute the defense, and which show that he is not the real party in interest.'"

1, 2. That opinion is authority for the statement that an action cannot be prosecuted for a principal in the name of a "mere" agent who has no personal interest in the subject matter. Citing *Mitchell* v. *St. Mary,* 148 Ind. 111, 115 (47 N. E. 224). If, however, an agent has a part in the contract to which he is made a party, or has a particular property in the subject matter of the agreement, the legal interest

and the right of action are vested in him. Citing cases.

3. Section 27, Or. L., provides as follows:

"Every action shall be prosecuted in the name of the real party in interest, except as otherwise provided in Section 29, but this section shall not be deemed to authorize the assignment of a thing in action not arising out of contract."

It is apparent that this section was enacted for the benefit of a party defendant, to protect him from being again harassed for the same cause; but if the defendant is not cut off from any just offset or counterclaim against the demand and a judgment in behalf of the party suing, will fully protect the defendant when discharged, then his concern is at an end: *Devlin* v. *Moore,* 64 Or. 433, 441 (130 Pac. 35).

4. It has several times been announced by this court that a defense that the action is not brought in the name of the real party in interest is only proper where it is alleged and shown that the defendant is cut off from any just offset or counterclaim, and it appears that the defendant will not be fully protected by a judgment in favor of the party suing when the same is satisfied: *Sturgis* v. *Baker,* 43 Or. 236, 241 (72 Pac. 744); *Triphonoff* v. *Sweeney,* 65 Or. 299 (130 Pac. 979); *Blaser* v. *Fleck,* 96 Or. 187 (189 Pac. 637); *Simon* v. *Trummer,* 57 Or. 153 (110 Pac. 786); *Devlin* v. *Moore, supra; Loewenberg* v. *Rosenthal,* 18 Or. 178 (22 Pac. 601); *Schleef* v. *Purdy,* 107 Or. 71, 82, 83 (214 Pac. 137); *Bump* v. *Cooper,* 20 Or. 527 (26 Pac. 848); *Overholt* v. *Dietz,* 43 Or. 194 (72 Pac. 695).

5. It appears that August Lentz by his lease to Benjamin Lentz, his son, authorized the latter to cultivate the land to loganberries and to harvest and sell the berries, pay all the expenses incurred and

divide the net proceeds with him. He, therefore, authorized Benjamin Lentz to collect the pay for the berries sold. Therefore, August Lentz cannot object to his so doing and will be bound by the satisfaction of any judgment obtained by the junior Lentz against the defendant association. The defendant will be fully protected from being again sued for the payment of the berries, when such judgment is satisfied. To establish that a party is the real party in interest requires no higher proof than any other fact: *Barbre* v. *Goodale,* 28 Or. 465, 474 (38 Pac. 67, 43 Pac. 378).

6. Benjamin Lentz has a legal interest in the berries in question; whatever the extent of that interest may be, he has the right to maintain the action. The matter of payment of these berries was not an issue in the former equity suit and was in no way litigated or determined therein. As stated in 2 Black on Judgment, Section 506, page 769, quoting from Mr. Justice FIELD:

"But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action."

7. There is no allegation in the defendant's answer and it is not shown in any way by the record that the defendant has paid for any part of the berries or

that the defendant has any offset or counterclaim to the demand, either against August Lentz or Benjamin Lentz. No one will question but that the defense of payment must be pleaded. The injunction suit did not require the delivery of the berries without payment being made therefor. Indeed, the opinion of Mr. Justice RAND shows clearly that the decree of the Circuit Court allowing the injunction was affirmed upon the theory that the defendant would comply with its terms of the contract, and we read on page 585 of 107 Or. (212 Pac. 819) as follows:

"Certainly if the plaintiff received defendant's produce and fails to pay for such produce, the defendant should be released from any further performance upon his part."

8. The testimony of plaintiff as to the quantity of berries sold and delivered to the defendant, and the reasonable value thereof is uncontradicted. It is also shown that this was the same price paid by the defendant to the growers who held contracts similar to the Lentz contract, so that any question in regard to adjusting the amount to be paid is set at rest.

The trial court erred in directing a verdict in favor of defendant. The judgment will be reversed, and the cause remanded to the Circuit Court with directions to enter a judgment in favor of plaintiff and against the defendant for the amount shown by the testimony to be due for the crop of berries of 1922, to wit: $1,762.88, with interest thereon at the rate of 6 per cent per annum from September 1, 1922, together with plaintiff's costs and disbursements herein.

REVERSED AND REMANDED WITH DIRECTIONS.

McBRIDE, C. J., and BROWN and BELT, JJ., concur.