COMMONWEALTH *vs.* OSWALD J. DURKIN.

Suffolk.   October 19, 1926. — November 22, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Motor Vehicle*, Operation.   *Evidence*, Relevancy and materiality.

At the trial of an indictment charging the defendant with operating an automobile while under the influence of intoxicating liquor, there was evidence that an automobile operated by the defendant, proceeding at the rate of thirty to forty miles per hour, ran into a slowly moving electric street car in the night time; that two companions were with the defendant in the automobile, one on the back seat and one on the front seat beside the defendant; that the companion on the front seat was killed; and that, immediately after the accident, the defendant was under the influence of liquor.   *Held*, that

(1) A witness for the Commonwealth properly was permitted to testify that, when the man sitting on the back seat of the automobile stepped out of the car, he was staggering and his breath smelled strongly of liquor, and that he "was placed on the record for drunkenness";

(2) A medical examiner who had performed an autopsy upon the body of the companion of the defendant who was killed properly was permitted to testify that there was about the body and clothing a well marked odor of alcohol and that he found in the right hand, inside, vest pocket a pint bottle half filled with a dark, amber-colored fluid smelling of alcohol.

INDICTMENT, found and returned on December 5, 1924, charging that the defendant on October 20, 1924, did operate a certain automobile while under the influence of intoxicating liquor.

In the Superior Court, the indictment was tried before *Hayden*, J., a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485.   Material evi-

dence and exceptions by the defendant are stated in the opinion. The defendant was found guilty and alleged exceptions.

*M. M. McChesney,* for the defendant.

*E. J. Harrigan,* Assistant District Attorney, for the Commonwealth.

SANDERSON, J.   The defendant was convicted of operating an automobile while under the influence of intoxicating liquor.

The evidence tended to show that, while operating an automobile on the Revere Parkway near the junction of two streets, in the night time, the defendant collided with a slowly moving electric car; that before the collision the automobile was proceeding at a speed of thirty or forty miles an hour; that two men were riding with him, one, by the name of Hoffman, on the front seat and the other on the rear seat; that Hoffman was killed as a result of the collision; and that immediately after the accident the defendant was under the influence of intoxicating liquor.  Subject to the defendant's exception the trial judge permitted a witness called by the Commonwealth to testify that when the man sitting on the back seat of the automobile stepped out of the car he was staggering and his breath smelled strongly of liquor, and that he "was placed on the record for drunkenness." The medical examiner testified, subject to the defendant's exception, that he performed an autopsy upon the body of Hoffman, and that there was about the body and clothing a well marked odor of alcohol; that he found in the right hand, inside vest pocket a pint bottle half filled with a dark, amber colored fluid smelling of alcohol.  The defendant called a witness who testified that immediately after the accident the defendant said that Hoffman had been drinking and was kind of troublesome; that he was one of those fellows they "could not do much with," and that Hoffman grabbed the wheel and turned the automobile. The defendant testified that he and the two men in the automobile went to a certain yacht club at about 6:45 the night of the accident and left the club about eleven o'clock; that he had taken no intoxicating liquor on that night.

The relevancy of testimony depends upon the question, whether it has a rational tendency to prove the issues made

by the pleadings or other incidental material issues developed in the course of the trial. "It is sufficient if it tends to establish the issue, or constitutes a link in the chain of proof." *Commonwealth* v. *Abbott,* 130 Mass. 472, 473. Evidence may be competent if it is in aid of and incidental to other circumstantial evidence although it is not in and of itself evidence of the offence charged. *Clement* v. *Kimball,* 98 Mass. 535, 537. Ordinarily in the trial of a criminal case the Commonwealth may introduce evidence tending to prove the circumstances under which the crime charged has been committed. It may show the whole transaction of which the crime was a part. *Commonwealth* v. *Sturtivant,* 117 Mass. 122, 132. *Commonwealth* v. *Sansone,* 252 Mass. 71, 73. Evidence of the attendant circumstances may aid the jury in reaching a verdict by giving them the complete picture. *Hartnett* v. *McMahan,* 168 Mass. 3, 4. In *Blake* v. *Albion Life Assurance Society,* 4 C. P. D. 94, 109, Coleridge, C.J., said that, with a few exceptions, all evidence which "can throw light on the disputed transaction is admitted." Under this principle it was not error for the trial judge to admit the evidence to which objection was made. The uncontradicted testimony of the witness called in defence, that the defendant said that Hoffman had been drinking, tends to show that the testimony offered by the Commonwealth as to Hoffman was in support of the defendant's contention; and the defendant's testimony, that he and the other two men went to the yacht club together and after spending the evening there were returning when the accident occurred, increased the significance and probative value of the evidence respecting their condition and the possession of liquor by one of them. The exception to this evidence was a general one and there was no request for ruling concerning it. If it was competent on any ground, the exception to its admission must be overruled. *Commonwealth* v. *Wunsch,* 129 Mass. 477, 479. *Boston Food Products Co.* v. *Wilson & Co., supra,* page 562.

The charge is not reported and must be presumed to have been comprehensive and accurate. *Holmes* v. *Sullivan,* 241 Mass. 195.

*Exceptions overruled.*