Argued March 12; affirmed November 12; rehearing denied
December 9, 1930.

# RAGAN *v.* MacGILL

(292 P. 1094)

W. H. *Morrison* of Portland (Barry & Morrison of Portland on the brief) for appellant.

*Arthur I. Moulton* of Portland (Lord & Moulton of Portland on the brief) for respondent.

BEAN, J. The first assignment is that the court erred in permitting the witness Boscovich, a traffic officer of the city of Portland, as a witness for plaintiff, on his direct examination to testify, over the objection of defendant's counsel, as follows: "Q. And

what, if any, attempt did you make to test it out as to the condition of its brakes?" It appears from the record that the accident happened at about 12 o'clock noon; that there had been no change in the brakes of the automobile after that time until Boscovich, within about an hour and a half after the accident, went back to the place of the accident with one Allen, the driver of the Chrysler automobile, and tested the brakes; that Boscovich, in making the test, drove the car at the rate of twenty-five miles per hour, as he states, and applied the brakes and stopped the car at a distance of eight feet, and that the brakes held evenly. This witness also stated, in substance, that the car driven at the rate of twenty miles per hour should stop upon the application of the brakes at a distance of six feet. The testimony was fair and rather favorable to defendant.

■■ Defendant contends that the car had been in an accident and that the conditions under which Boscovich operated the car in making the test were not the same as at the time the accident occurred. Defendant refers to the rule laid down in the case of *Hall v. Brown,* 102 Or. 389 (202 P. 719). This rule is to the following effect: It is within the discretion of the court to admit any testimony whatever about experiments or similar occurrences, but in any event the conditions must appear to be substantially the same, and unless this appears it is not within the discretion of the court to admit the testimony. The evidence in the present case tended to show that the condition of the brakes of the automobile, at the time the test was made by Boscovich, was substantially the same as at the time of the accident. The testimony comes safely within the rule announced by Mr. Justice BURNETT in the case referred to. There was no error in admitting such testimony.

■ An exception was also reserved to the admission of the following testimony of Boscovich:

"Q. And if this skid mark that you have indicated here, 45 feet long, was only made by two wheels, one side—you have indicated only one skid mark and not two abreast—what would you say as to whether they were holding evenly at that time?"

It was contended by defendant that this was not proper expert testimony but the matter should have been left to the jury. Upon the objection being overruled, the question continued:

"Q. Will you answer that, whether if it made that mark only on one side, if when the brakes were applied they only made one mark, on one side, whether they were holding evenly?"

The witness answered, in substance, that, assuming that the car made the skid marks, the brakes were not holding evenly at that time. It appears that Boscovich was a traffic officer in the city of Portland and had been for a long time and that he was familiar with the operation of cars and had had much experience in investigating such accidents. The subject of skid marks was fully investigated by both sides. Boscovich measured them in the presence of Allen, the driver. When the brakes were applied, if one wheel made a mark upon the pavement and the other did not, it might be a question as to whether the testimony of an expert would be necessary to assist the jury in determining whether the brakes held evenly or not, but, in any event, we fail to see, if it became material in the case, that there would be any harm in the introduction of such testimony. It is possible that it might aid the jury in arriving at their conclusions. We find no reversible error in the admission of such testimony.

■ Exception was reserved by defendant to the argument of counsel for plaintiff to the jury, contending that the plaintiff being a motorcycle traffic policeman in the city it would be a common thing for persons who were in the vicinity at the time of the accident to know who it was that was injured, criticizing the witness to a certain extent because he did not know that plaintiff was a policeman. The witness Fiske stated, in effect, that he had descended from his truck to eat his lunch when he saw the collision; that after the collision he did not continue to watch the men at the scene of the accident two blocks away but turned and walked around the rear of his truck and sat down to eat his lunch and did not go to the scene of the accident. He said he made no report to anyone of the matter and gave his name to no one. He did not claim to know, before the time of the trial, who the motorcycle patrolman was who had been injured, and identified Ragan in the courtroom, saying: "I would judge it was that gentleman there. * * * He resembles the man very much that was on the motorcycle. I didn't know the man personally." The argument pertaining to the evidence and remarks of counsel was not an unfair deduction to be made therefrom. There is no error in this respect.

■ The plaintiff urges that there was error in allowing counsel for plaintiff, in his argument to the jury, to refer to the fact that Boscovich went out in the vicinity where the accident occurred and found a lady whom they expected to subpoena as a witness, and when they sent the subpoena out for her they found she was dead. Objection was based on the fact that there was no evidence tending to show that it was the intention of defendant to subpoena such person as a witness. The very fact that they were looking up wit-

nesses for plaintiff, found this person, and that a subpoena was sent out for her and they discovered she was dead, would indicate that it was the intention on the part of the plaintiff to subpoena the witness if she had been living. The point is not well taken.

■ It is disclosed by the record that at the close of plaintiff's case, his attorney stated: "I expected Dr. Ziegler to be here * * *. We will try to get him this afternoon." Plaintiff rested the case without producing Dr. Ziegler or further explaining his absence. Counsel, during his argument, stated: "There was a subpoena out for Dr. Ziegler all the time." Upon objection of counsel the court instructed the jury not to consider that statement. It appears from the record that the statement of counsel to the effect that Dr. Ziegler had been subpoenaed and they expected him as a witness was satisfactory to the court and unchallenged by defendant during the trial of the case. When it came to the argument, all the court could do was to instruct the jury not to consider the statement that there was a subpoena out for Dr. Ziegler. The matter is not of such materiality, in any event, whether it was proper or improper, so that the defendant would be injured in any manner. It left the case so that the defendant could, if he desired, claim that weaker testimony had been introduced when stronger could have been obtained. There was no error in this respect.

We have carefully examined the record and find no weighty question. The important questions involved are questions of fact which were fairly submitted to the jury.

Finding no error in the record the judgment of the circuit court is affirmed.

COSHOW, C. J., BROWN and BELT, JJ., concur.