WILLIAM LEON REARDON, JUNIOR, vs. MALCOLM D.
MARSTON
(and three companion cases[1]).

Plymouth.   November 4, 1941. — December 30, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Negligence,* Motor vehicle, Use of way, Contributory.   *Evidence,* Relevancy and materiality; Res gestae; Opinion: expert.

Evidence warranted a finding of negligence on the part of the operator
of an automobile which struck a boy riding a bicycle after the boy
had turned to his left onto the automobile's right side of the highway
as it approached and had ridden a short distance toward the automobile on that side; and did not require a finding that the boy was
guilty of contributory negligence.

There was no error, at the trial of an action by one struck by an automobile of the defendant, in the admission of evidence that the defendant had noticed signs concerning the speed limit; evidence of
the location of the automobile in the road just before the accident;
testimony of a witness that immediately after the accident he had
shouted to the plaintiff within the hearing of the defendant as he
ran back to his automobile from the injured plaintiff and started the
engine, "Don't worry . . . I have got his number"; and evidence by
a qualified expert, based on photographs of the brake marks made by
the automobile, that its brakes were not in good order.

FOUR ACTIONS OF TORT.   Writs in the District Court of
Brockton dated September 1, 1938.

Upon removal to the Superior Court, the actions were
tried before *Brogna,* J.   There were verdicts for the minor
plaintiff in each case brought by him in the sum of $5,000
and for his father in each case brought by him in the sum
of $265.   The defendants alleged exceptions.

*H. F. Hathaway,* for the defendants.

*E. J. Campbell,* (*C. J. O'Byrne* with him,) for the plaintiffs.

RONAN, J.   The first two actions are brought by a minor
to recover for personal injuries sustained when he was

[1] The three companion cases were by Reardon, Jr., *v.* Dutchland Farms,
Inc., and by Reardon, Sr., *v.* Marston, and *v.* Dutchland Farms, Inc., respectively.

struck by an automobile, operated by the individual defendant and owned by and registered in the name of the corporate defendant. The other two actions are brought by the father of the minor to recover for consequential damages. The plaintiffs had verdicts in all four cases. The cases are here on the exceptions of the defendants to the denial of motions for directed verdicts and to certain rulings upon evidence.

The jury could find that Marston was operating an automobile on a pleasant afternoon in September, 1937, in a northerly direction along the center of a slight curve in Field Parkway, a macadam public highway in Brockton, twenty feet in width, when the minor plaintiff, hereinafter called the plaintiff, riding a bicycle, came upon the highway from a gravel path on the easterly side of the highway, proceeded a short distance in a general southerly direction, and then turned and travelled along an easterly course but a short distance when he was struck by the automobile. There was a large boulder in the southerly side of the gravel path along which the plaintiff was travelling and which would tend to obstruct the view of a person who, like Marston, was approaching from the south. There was also a second boulder south of the gravel path and ten feet east of the highway. The jury took a view. They could adopt the plaintiff's version of the accident and find that it occurred not opposite the junction of the gravel path and the highway, but to the south of the junction, and they could also accept the plaintiff's explanation, as hereinafter referred to, for his presence on his left hand side of the highway at the time of the accident. The cases presented the usual questions of fact concerning the liability of the defendants and all of them were properly submitted to the jury. *Scranton* v. *Crosby*, 298 Mass. 15. *Butler* v. *Curran*, 302 Mass. 1. *Nash* v. *Heald*, 306 Mass. 518.

The defendants excepted to two questions asked Marston. One was whether he had noticed signs in the parkway concerning the speed limit, to which he answered "Yes," and the second question was whether he had seen signs there reading "Speed Limit 20 miles an hour." He answered

that he had seen signs but he did not recall whether they said fifteen, twenty or twenty-five miles per hour; that he thought there were signs which said "Drive Cautiously" or something of that sort, but that he did not know "whether they pertain to speed in form of miles per hour." If we assume that all this evidence was subject to exception there was no error, because the answers were not affirmative evidence that any particular speed was designated by any of the signs. *Tully* v. *Fitchburg Railroad,* 134 Mass. 499. *Livermore* v. *Fitchburg Railroad,* 163 Mass. 132. *Killam* v. *Wellesley & Boston Street Railway,* 214 Mass. 283. *Cross* v. *Albee,* 250 Mass. 170. In the next place, the defendants could not have been harmed by showing that there were signs marked "Drive Cautiously." These were signs merely suggesting careful operation of the vehicle. No one contends that a penalty would follow the violation of their directions. Moreover, Marston, who was familiar with the location, testified, in answer to his own counsel, that he knew the signs had something to do with regulations; that he knew the parkway was regulated to some extent as to speed and that is what he had in mind when he chose to drive between twenty and twenty-five miles an hour. It is plain that the admission of the evidence did not constitute reversible error.

There was no error in the admission of the testimony of Paine that Marston was driving the automobile in the center of the way when it passed the witness at a point about eighty feet south of the junction of the gravel path and the highway, and which the jury could find was about sixty feet from the place of the accident. The relevancy of this testimony is shown by the evidence disclosing the events immediately leading up to the accident. The plaintiff, after he had testified that when he saw the automobile after he had come from the gravel path it was then fifty feet away and approaching him along the center of the way, properly was permitted to testify, subject to exception by the defendants, in substance that he did not think it was safe to cross to his right hand side of the way in front of the automobile. *Jeddrey* v. *Boston & Northern Street Railway,* 198

Mass. 232. *Marturano* v. *Eastern Massachusetts Street Railway*, 306 Mass. 231. The jury could find that the plaintiff saw the automobile a short distance from the point where it passed Paine, and its course from there on to the time of the accident was fully disclosed by the testimony. Evidence of the location of the automobile upon the highway sixty to eighty feet from the place of the accident and within a few seconds of its occurrence, with the further evidence of its course thereafter and up to the time of the accident, was competent to prove that the automobile was being operated in the center of the way, and that its operation in such a manner was a material factor not only on the issue of the negligence of the operator but upon the contributory negligence of the plaintiff. *Taxicab Co.* v. *Hamburger*, 146 Md. 122. *Bryant* v. *Brown*, 278 Mich. 686. *Dimock* v. *Lussier*, 86 N. H. 54. *Owen* v. *Gruntz*, 216 App. Div. (N. Y.) 19. *Tyrrell* v. *Goslant*, 93 Vt. 63. Wigmore, Evidence, § 282. Compare *Hagerty* v. *Tyler*, 295 Mass. 581; *Simon* v. *Berkshire Street Railway*, 298 Mass. 454.

There was evidence that when Marston stopped his automobile he got out and went "half walking and half running" toward the plaintiff, who was by the side of the road about ten feet away from the automobile, and, after looking at the plaintiff, ran back to the automobile and started the motor. Marston testified, however, that he went back to the automobile "to see if it would go," but that he did not start the motor. The witness Paine, who was at the scene of the accident, was permitted to testify, subject to a general exception, that he shouted to the plaintiff, "Don't worry, Lee, I have got his number." There was other evidence concerning the movements of Marston subsequent to the accident and before he took the plaintiff to the hospital. The conduct of Marston immediately before and after the collision was relevant upon the issue of his negligence. The remark of Paine, which could have been found to have been made within the hearing of Marston, was not a narrative of any past occurrence but was a declaration accompanying the starting of the motor and was so nearly contemporaneous with the actual impact itself that it could have been found

to have been intimately connected with the happening of the accident and to give color and significance to the conduct of Marston.   Conduct of a defendant immediately after an accident, and of such a nature that it may be reasonably thought sufficient, if believed, to warrant an inference upon the issue of his negligence, may be properly received in evidence.   It was said in *Commonwealth* v. *Simpson,* 300 Mass. 45, 50, that a remark heard by a defendant "which is an occurrence closely connected with and perhaps affecting conduct, the nature of which is in issue, may be put in evidence as a part of matter under investigation." The admission of the evidence was not reversible error. *Commonwealth* v. *Hackett,* 2 Allen, 136.   *Hartnett* v. *McMahan,* 168 Mass. 3.   *Commonwealth* v. *Durkin,* 257 Mass. 426.   *Hall* v. *Shain,* 291 Mass. 506.   *Frasciello* v. *Baer,* 304 Mass. 643.

One who had been an inspector of the registry of motor vehicles for thirteen and one half years, and whose duties comprised the testing of brakes, testified that he was familiar with the surface of Field Parkway.   Photographs showing the brake marks made by the automobile at the time of the accident were introduced in evidence.   Subject to an exception, he was allowed to state that, from the appearance of the brake marks in the photographs, the brakes were not in good working order.   The qualifications of the witness were not questioned.   The manner in which the brakes would operate if they were in good condition, including the effect their operation would have upon any of the wheels, was a subject concerning which the opinion of an expert was competent.   *Jackson* v. *Anthony,* 282 Mass. 540.   *Van Steenbergen* v. *Barrett,* 286 Mass. 400.   The jury could find that the photographs fairly represented the marks made by the automobile, and that an expert with a knowledge of the marks acquired from the photographs could testify as to what the marks indicated in reference to the condition of the brakes.   *Commonwealth* v. *Mara,* 257 Mass. 198. *Lucier* v. *Norcross, ante,* 213.   *Vedder* v. *Bireley,* 92 Cal. App. 52.   *Ragan* v. *MacGill,* 134 Ore. 408.

*Exceptions overruled.*