Argued October 27; affirmed November 25, 1947

# POULSEN *v.* JOHNSON

186 P. (2d) 521

*E. M. Sabin,* of Union, for appellant.

*Austin Dunn,* of Baker, for respondent.

Before ROSSMAN, Chief Justice, and LUSK, BELT, BAILEY, HAY and WINSLOW, Justices.

BAILEY, J.

Plaintiff in his amended complaint alleges that defendant on the first day of November, 1941, for a valuable consideration, made, executed and delivered to plaintiff his promissory note in the sum of $880.00, a copy of which note is therein set forth. It is stipulated in the note that defendant agrees to pay to plaintiff one year after the date of the note (November 1, 1941) the sum of $880.00 with interest thereon at the rate of 8% per annum, and a reasonable amount as attorney's fees in case of suit or action on the note. Then follows this provision: ''This note pays all joint notes and all individual notes signed by Arne Poulsen and Roy D. Johnson to George H. Guyer to date.'' The amended complaint further alleges that defendant has not paid any part of the principal of the note or any interest thereon, and that $300 is a reasonable amount to be allowed for attorney's fees.

The answer admits that defendant gave plaintiff a note for $880.00, dated November 1, 1941, and alleges that the note set out in the amended complaint ''has been added to and changed since the same was executed and denies that said note is the one executed by the defendant.'' The answer further denies that the note

defendant signed "was given for a valuable considera-
tion or any consideration; * * * admits that he has
not paid said note and alleges that it was never intended
by the plaintiff nor by the defendant that the defend-
ant would pay the same or that he was under legal
liability to pay the same." For a further and separate
answer and defense the "defendant alleges that there
was never any consideration given for said note."
The reply denies the affirmative matter set forth in the
answer.

The cause was tried before the court and a jury,
and from a judgment in favor of plaintiff, based on
the verdict of the jury, defendant has appealed.

The first assignment of error is thus stated in
plaintiff's brief: "Reversible error was committed
when the attorney for plaintiff stated, in his closing
argument to the jury, 'The defendant never in his
lifetime paid an obligation without first being sued
thereon.' "

In defendant's brief it is said that counsel for plain-
tiff made the foregoing statement in his closing argu-
ment to the jury; that counsel for defendant immedi-
ately objected to such statement and asked the court
to instruct the jury to disregard it; and that the
court "did instruct the jury to disregard such state-
ment but did not admonish counsel for making it." It
is very doubtful whether this matter is before us for
consideration. The statement alleged to have been
made by plaintiff's counsel, the objection thereto by
counsel for defendant, and the ruling thereon by the
court are not made a part of the bill of exceptions,
as provided by § 5-702, O. C. L. A., nor is the affidavit
setting forth what occurred made a part of the bill of
exceptions. See in this connection *State v. DeGrace,*

144 Or. 159, 22 P. (2d) 896, 90 A. L. R. 232; *State v. Garner*, 166 Or. 1, 108 P. (2d) 274. Assuming, however, that the question is properly before us, we do not think any error was committed by the trial court. According to defendant's affidavit it did, as requested by him, promptly instruct the jury to disregard the statement made by counsel for plaintiff. It did not "admonish counsel for making" the statement but defendant does not contend that such failure on the part of the court constituted error. No motion was made for a mistrial.

■ Defendant admitted that he had been sued on another note; that there were several other notes past due which he had not paid; and that a note for $261.00 which he had given to the plaintiff had been paid through a collection agency. This evidence does not support the assertion made by plaintiff's counsel that "defendant never in his lifetime paid an obligation without first being sued thereon", and the court acted properly in telling the jury to disregard that remark. Based on the entire record we are of the opinion that defendant did not suffer any prejudice from counsel's statement. *Walling v. Portland Gas & Coke Co.*, 75 Or. 495, 147 P. 399; *Perry v. Pickwick Stages of Oregon*, 117 Or. 598, 243 P. 787; *Ragan v. MacGill*, 134 Or. 408, 292 P. 1094, 72 A. L. R. 860; *Shaw v. Pacific Supply Cooperative*, 166 Or. 508, 113 P. (2d) 627.

The second assignment of error is based upon defendant's exception to the court's instruction to the jurors that if they found for the plaintiff they should return the following verdict: "We, the jury duly empanelled and sworn to try the above entitled cause, find for the plaintiff in the sum of $880.00, with interest thereon at eight per cent per annum from November 1, 1941, until paid." His objection to this form of ver-

dict was that it did not give the jury "any leeway to figure on the $260.00 note we say came out of that." In other words, defendant claims that the form of verdict submitted did not permit the jury to find that there had been a partial payment of the note, which forms the basis of this action, from evidence tending to show the payment of another note given by defendant to plaintiff.

When the admissions, denials and allegations of defendant's answer are considered in connection with this evidence, we are able to better understand what he meant by the language used in paragraph one of his answer, reading as follows: "Admits that on or about the 1st day of November, 1941, the defendant executed a note payable to the plaintiff, but alleges that the note set out in the amended complaint has been added to and changed since the same was executed and denies that said note is the one executed by the defendant." He in effect admits that he signed the note, copy of which is set forth in the amended complaint, but alleges that after he signed it there was added thereto the following: "This note pays all joint notes and all individual notes signed by Arne Poulsen and Roy D. Johnson to George H. Guyer to date." He further alleges "that there was never any consideration given for said note" and admits that the note signed by him has never been paid. Evidence was introduced on behalf of plaintiff tending to show that defendant, for a valuable consideration, executed the note in its present form; defendant introduced evidence to the contrary; and the jury resolved this conflict in favor of plaintiff.

In this state the defense of payment or partial payment must be pleaded and proved by the party rely-

ing thereon. *Farmers' Bank v. Hunter,* 35 Or. 188, 193, 57 P. 424; *Triphonoff v. Sweeney,* 65 Or. 299, 307, 130 P. 979; *Lentz v. Oregon Growers Co-op. Ass'n,* 116 Or. 683, 693, 242 P. 826. Defendant not only has not pleaded payment or partial payment of the note but alleges affirmatively that the note which he executed had not been paid. The defenses on which he relies are: (1) Material alteration of the instrument after execution thereof, and (2) lack of consideration. Having relied upon those matters, defendant could not during the progress of the trial change his position from that of his pleadings and show payment of the note without having pleaded the same. *Triphonoff v. Sweeney,* supra. It is a general rule that where a total failure or total want of consideration is relied upon as a defense, if the evidence shows any consideration for the note or other contract the defense fails. To prove a partial failure of consideration under such circumstances is not sufficient. *Iowa Nat. Bank v. Sherman,* 23 So. Dak. 8, 119 N. W. 1010; *Stocks v. Scott,* 188 Ill. 266, 58 N. E. 990; *Nelson v. Davenport,* 86 Mont. 1, 281 P. 539, and authorities therein cited.

Defendant cites and relies upon *Robinson v. Linn,* 155 Or. 591, 65 P. (2d) 669, in support of his contention that the pleadings in the instant case are sufficient to raise the issue of payment. We do not so understand the opinion in that case. It appears from the statement therein that the answer alleged that the note was delivered upon certain conditions, and that the payee had not complied with those conditions. We find nothing in the Robinson case which holds that defendant may raise the question of payment or partial payment when the only defenses pleaded are lack of consideration and a denial of the execution of the instrument sued on.

The instruction relating to the form of verdict to be returned by the jury if it found in favor of the plaintiff was correct.

Defendant's third assignment of error is based upon the exception taken by him to the second sentence of the following instruction:

"If you believe from a preponderance of the evidence that the note in question was given for a specific purpose and to be used only as collateral, but was diverted to another purpose, than that intended, then there would be no consideration for the note. In this connection, and on the other hand, you are instructed that the legal consideration for a note may be anything of value, and that if the defendant gave the note on which this action is based, if the defendant signed this note on which the action is based, in renewal in payment of other notes, then there would be a valuable consideration for the note."

His exception thereto was on the ground that the reference therein to the renewal of other notes should have been limited to notes executed by him.

Plaintiff testified that he had at various times loaned money to the defendant; that in order to enable him to make these loans he had borrowed the money from George Guyer; that for the money so borrowed he gave Guyer two notes, one dated July 14, 1937, for $225.00, and another dated March 2, 1938, for $125.00; that on July 6, 1938, the defendant borrowed directly from Guyer the sum of $500.00 evidenced by the joint note of plaintiff and defendant to Guyer; and that the $880.00 note sued on was given by the defendant to plaintiff in payment of the three notes just mentioned. This $880.00 note was, upon its receipt by plaintiff, endorsed by him and delivered to Guyer who

retained the same until the other three notes had been paid, when it was transferred by Guyer to plaintiff.

The note involved in this litigation was technically not a renewal of any note given by defendant directly to plaintiff but was apparently considered by the parties thereto as a renewal or payment of the old notes payable to Guyer and executed by plaintiff at defendant's request. After giving the last quoted instruction the court continued:

"You are instructed that if you find from a preponderance of the evidence that the plaintiff secured the note in question from the defendant, claiming that he, that is the plaintiff, wanted the note so that he could pledge the same as security or collateral, and that the defendant would not be called upon to pay the note, then there would be no consideration for the note and your verdict should be for the defendant.

"On the other hand, if you find from a preponderance of the evidence that the plaintiff had advanced monies to the defendant from time to time, and that this note was given by the defendant in settlement, as stated, of the indebtedness, if any, from defendant to plaintiff, then your verdict should be for the plaintiff for $880.00, plus interest at eight percent per annum from November 1st, 1941, until paid."

■ These, with other instructions given by the court, fully advised the jury of the issues involved in the litigation. Although the attacked instruction could have been more definite, nevertheless we do not believe that the jury was misled by the language used. The circuit court, in a written opinion denying defendant's motion for a new trial, made the following observation in which we concur: "The court is satisfied from the record that if the case were tried before

another jury, the evidence is so strong in plaintiff's favor that plaintiff would no doubt again have a verdict.''

■ Under assignment of error No. 4 it is contended by defendant that the court erred in failing to instruct the jury that the burden of proof was on plaintiff "to prove the indebtedness of $125.00 and $225.00 was owing by" defendant to plaintiff. No such instruction was requested by defendant, and therefore no error was committed by the circuit court in failing to instruct on that subject.

■ It is asserted in reference to assignment of error No. 5 that the court erred in giving an instruction which is set forth in defendant's brief. Since no exception was taken by defendant to the giving of that instruction, whether erroneous or not, it is not before us for consideration. § 5-704, O. C. L. A., as amended by chap. 257, Oregon Laws 1941.

The sixth and last assignment of error is based upon the denial by the circuit court of defendant's motion for a new trial. The matters mentioned in relation to this assignment are the same as those hereinbefore discussed under the first five assignments of error which were determined adversely to defendant.

Finding no error the judgment appealed from is affirmed.