COMMONWEALTH vs. JOHN A. HOPKINS. November 20, 1973. The defendant was indicted for the robbery (unarmed) of Bertha Holland and was convicted. The case is before us on the defendant's substitute bill of exceptions. The defendant excepted to the admission of testimony by the victim's companion as to injuries she received during the commission of the offense. The testimony was properly admitted. In the trial of a criminal case the Commonwealth is entitled to "show the whole transaction of which the crime was a part. . . . Evidence of the attendant circumstances may aid the jury in reaching a verdict by giving them the complete picture." *Commonwealth* v. *Durkin,* 257 Mass. 426, 428 (1926). See also *Commonwealth* v. *Velleco,* 272 Mass. 94, 97-98 (1930); *Commonwealth* v. *Eagan,* 357 Mass. 585, 589-590 (1970). The defendant also excepted to the judge's refusal to permit certain questions to be put to a police officer concerning distances between intersections and to the judge's exclusion of a small map offered by the defendant in support of an alibi defense. From our examination of the record it appears that the questions were excluded because of their form, not because of the information they were intended to elicit. The judge's action was a proper exercise of his discretion in regulating the conduct and manner of cross-examination. *Commonwealth* v. *Flynn,* 362 Mass. 455, 470 (1972). *Commonwealth* v. *Kronis, ante,* 303, 307-308 (1973). The proffered map, lacking a scale, was not relevant to the proposition for which it was offered — to show that the defendant could not have traveled from the scene of the crime to the site of his arrest during the time elapsed. The jury could not have determined from the map the distance between the two points in question. The map was properly excluded.

*Exceptions overruled.*

The case was submitted on briefs.

*Daniel F. Toomey* for the defendant.

*Richard A. Hannaway,* Assistant District Attorney, for the Commonwealth.