COMMONWEALTH *vs.* PHILLIP W. JONES (and six companion cases [1]). December 16, 1974. The defendants were jointly tried on various charges arising out of a melee with several Lowell police officers who had responded to a reported disturbance. The defendant Jones was convicted on charges of drunkenness and possession of a harmful drug; the defendants McGuire and Hogan were found guilty of being disorderly persons and, respectively, of assault by means of a dangerous weapon and assault and battery by means of a dangerous weapon. All appeal pursuant to G. L. c. 278, §§ 33A-33G. We consider each assignment argued. Rule 1:13 of the Appeals Court, 1 Mass. App. Ct. 889 (1972). 1. The testimony by one of the police officers to the effect that he was jumped and brutally beaten by five unidentified men as he entered the residence where the disturbance had been reported was properly admitted. Although the assailants were not identified at the time the evidence was offered, the Com-

---

[1] One of the companion cases is against Phillip W. Jones, two are against Michael J. McGuire, and three are against Alan J. Hogan.

monwealth was entitled to "show the whole transaction of which the crime[s charged were] . . . a part," thereby presenting a complete picture to the jury. *Commonwealth* v. *Durkin,* 257 Mass. 426, 428 (1926). *Commonwealth* v. *Hopkins,* 1 Mass. App. Ct. 858 (1973). 2. The four capsules found in the possession of the defendant Jones and identified at trial as harmful drugs were properly admitted. The chain of custody of the capsules was sufficiently established to warrant their admission in evidence. *Commonwealth* v. *Baltrop, ante,* 819 (1974). *Commonwealth* v. *Hanscom, ante,* 840 (1974). "If there were weaknesses in the chain, that would go to the weight of the evidence rather than to its admissibility." *Commonwealth* v. *White,.* 353 Mass. 409, 419-420 (1967), cert. den. 391 U. S. 968 (1968), and cases cited. 3. The defendant McGuire sought a directed verdict on the charge of assault by means of a dangerous weapon on the ground that the rifle was not loaded. The motion was properly denied. This aspect of the case is controlled by *Commonwealth* v. *Henson,* 357 Mass. 686 (1970).

*Judgments affirmed.*

The case was submitted on briefs.

*Alfred P. Farese* for the defendants.

*John J. Droney,* District Attorney, *Terence M. Troyer, & Bonnie H. MacLeod-Griffin,* Assistant District Attorneys, for the Commonwealth.