Argued April 7, reversed and judgment entered on verdict May 11, 1920.

## BLASER v. FLECK.

(189 Pac. 637.)

**Parties—Requirement of Real Party in Interest Satisfied, if Judgment will Protect Defendant Against Future Action.**

1. Section 27, L. O. L., requiring every action be prosecuted in name of real party in interest, was enacted for benefit of defendant to protect him from being again harassed for same cause, but if not cut off from any just offset or counterclaim against the demand, and if a judgment in behalf of plaintiff will fully protect him when discharged, his concern is at an end.

**New Trial—Technical Manner of Pleading Ownership not Open on Motion for New Trial.**

2. In action for conversion, question as to technical manner of pleading plaintiffs' ownership was not open to defendants on their motion for new trial.

From Tillamook: GEORGE R. BAGLEY, Judge.

Department 2.

This is an action for the conversion of certain personal property. The cause was tried to the court and a jury and a verdict and judgment rendered in favor of the plaintiffs. Upon the motion of defendants to set aside the same because the evidence was insufficient to support the verdict, the court set aside the verdict and granted a new trial. From this judgment plaintiffs appeal.

The plaintiffs, by their complaint, allege, in effect, that they are husband and wife; that on a certain date they were the owners of twenty-five tons of hay and six cows of the total value of $1,350; that defendants wrongfully converted the same to their own use. The answer consisted of a general denial. The jury returned a verdict for the plaintiffs for the sum of $1,130.

The motion for a new trial was granted for the reason there was no evidence to show that—

The plaintiffs "jointly owned any of the property in controversy, but that the evidence did show that a portion of the property in controversy, to wit, two cows and the hay described in the complaint, were owned by plaintiff Martin Blaser, and that the other four cows were the property of plaintiff Catharine Blaser, so that there was no evidence to support a verdict in favor of both of the plaintiffs, and no evidence sufficient to authorize the jury to find a verdict for either of the plaintiffs alone for the amount of the verdict."

REVERSED AND JUDGMENT ENTERED ON VERDICT.

For appellants there was a brief with oral arguments by *Mr. S. S. Johnson* and *Mr. T. B. Handley.*

For respondents there was a brief over the names of *Mr. H. T. Botts* and *Mr. George P. Winslow,* with an oral argument by *Mr. Botts.*

BEAN, J.—Plaintiffs contend:

"First, there was evidence before the jury of joint or community ownership by the plaintiffs; second, that the evidence before the jury showed that either plaintiff had sufficient interest to maintain an action for the conversion of the property; and, third, in any event, a conversion of the property by the defendants was established at a time when it was in the possession and under the control of the plaintiffs, and that the defendants can never be sued again for the same conversion, and have not been cut off from any just offset or counterclaim against either or both of the plaintiffs, by reason of the latter's joining in this action."

The testimony tended to show that plaintiffs, who were husband and wife, were operating a dairy; that most of the cows were leased; that they owned

six cows, which were kept with the leased ones; that on account of the   services of Mrs. Blaser, Mr. Blaser had some time before the action in question promised to give her four calves, which had grown to cows. Martin Blaser, as witness, in describing the cows taken by the defendant, said: "And there were six· cows we had in the  barn ready to take away." Mr. Blaser had leased the farm from the defendants and when vacating the premises, as he states:

"I told Fleck, 'I don't want to leave them cows here;' and so he said I had to leave everything; and I told the sheriff and the sheriff said, 'You just turn them cows over to me and if something happens to those cows you just come to me'; and then I turned them cows over to him and turned them out in the pasture while he was there. * * The cows I claimed at that time and which Fleck took charge of, those yearlings I brought on  the place; * * my  wife worked for me down on Haverlach place and I told her she could keep those heifers if she do the milking."

· This witness asserts his title to both the cows and the hay. Mrs. Blaser testified, in effect, that she had been Martin Blaser's wife for eight years and assisted him in conducting his dairy ranches and harvesting the hay during that period, and was at the time of the conversion in the joint possession of the property with her husband. Like her husband she asserts ownership to the property. She stated: "About the six cows, we told him [Fleck] that they been ours. We bought them from Haberlach." She said that the hay belonged to her and her husband.

The position of the defendants is, in effect, that there was a misjoinder of plaintiffs, and that the action is not prosecuted by the real parties in inter-

est. The rule is stated in Pomeroy's Code Reme-
dies, Section 711, thus:

"The nonjoinder of necessary parties cannot be
proved under the general denial; it is new matter,
and must be pleaded; nor can the misjoinder of
plaintiffs be relied upon under a denial; the ques-
tion must be raised by a demurrer or by a special
answer. The defense that the plaintiff is not the
real party in interest is new matter."

1. A question similar to the one in the present
case was disposed of in *Sturgis* v. *Baker,* 43 Or.
236, at page 241 (72 Pac. 744). It was there held
that the statute requiring that every action shall be
prosecuted in the name of the real party in interest
(Section 27, L. O. L.), was enacted for the benefit
of a party defendant, to protect him from being
again harassed for the same cause. But if not cut
off from any just offset or counterclaim against the
demand, and a judgment in behalf of the party suing
will fully protect him when discharged, then is his
concern at an end: See, also, *Simon* v. *Trummer,* 57
Or. 153, 159 (110 Pac. 786), *Triphonoff* v. *Sweeney,*
65 Or. 299, 307 (130 Pac. 979), and *Devlin* v. *Moore,*
64 Or. 433, 441 (130 Pac. 35).

As we read the complaint in the case at bar, there
is no allegation in so many words that the plaintiffs
were joint owners of the property involved; yet the
pleading was not challenged by a demurrer or other-
wise. The defendants did not plead in their answer
any facts showing that there was a misjoinder of
plaintiffs, or that the action was not prosecuted in the
name of the real parties in interest. They were not
deprived of any right to set up a counterclaim or
setoff: *Loewenberg* v. *Rosenthal,* 18 Or. 178, 184 (22
Pac. 601); *Miser* v. *O'Shea,* 37 Or. 231, 235 (62 Pac.
491, 82 Am. St. Rep. 751).

The plaintiffs, who were witnesses, did not speak plain English, and it may not be clear just what interest each had in the property in question. That they owned it among themselves and that the defendants converted it appears to have been proven beyond controversy.

2. There can be no question but that both of the plaintiffs would be bound by a judgment in the case, and that the same would be a complete bar to any future action for the property in question. The defendants would be completely protected from being harassed in the future for the same cause of action. Under the present status of the case, it is not a matter of consequence to the defendants as to how the plaintiffs adjust their property rights between themselves. The question as to the technical manner of pleading plaintiffs' ownership of the property was not open to the defendants upon a motion for a new trial. The lower court erred in granting the motion. Therefore the judgment of the lower court is reversed, and one will be entered here upon the verdict in favor of plaintiffs.

REVERSED. JUDGMENT ENTERED ON VERDICT.

McBRIDE, C. J., and JOHNS and BENNETT, JJ., concur.