Argued January 9, affirmed February 19, rehearing denied March 5, 1929.

## JOHN C. BECK *v.* BRUCE L. DAVID ET AL.

(274 Pac. 914.)

For appellants there was a brief over the name of *Messrs. Potter & King* with an oral argument by *Mr. E. O. Potter.*

For respondent there was a brief over the name of *Messrs. Smith & Evans* with an oral argument by *Mr. Fred E. Smith.*

RAND, J.—The defendants, Bruce L. David and Kate David, his wife, appeal from a decree foreclosing a mortgage executed by them to secure the payment of a promissory note of $5,300, which note was given by them and made payable to the order of plaintiff in installments of $150 each every three months with accrued interest. Neither the note nor mortgage contained any acceleration clause. Plaintiff is the owner and holder of the note and mortgage and, at the time the suit was brought, the defendants were in default in the payment of installments then due amounting to the sum of $628.53. The decree was for the amount so in default.

The property mortgaged consisted of both real and personal property. The personal property was located in a hotel building situate on the mortgaged real property, which, since the execution of the mortgage, was burned and the personal property mortgaged was completely destroyed by the fire. Upon the trial the suit was dismissed as to the insurance company defendants.

It appeared from the testimony offered by plaintiff that said sum of $5,300, for which the note was given, included an indebtedness of $2,500 which defendants, at the time of its execution, owed to one Charles Darling, a brother-in-law of defendants and a son-in-law of plaintiff. Because of this fact defendants contend that plaintiff was not the real party in interest and for that reason the suit must fail. At the trial Darling was called and testified as a witness

for plaintiff in support of the note and made no claim in his own behalf or objection to the maintenance of the suit by plaintiff. The evidence also tended to show that at the time the note and mortgage were executed defendants requested that the amounts then owed by them to plaintiff and Darling should be included in one note and mortgage so as to save them from the inconvenience of dividing among two creditors the payment of their indebtedness and that the note was taken and made payable to plaintiff for their entire indebtedness with the mutual consent of both Darling and defendants. These circumstances alone are sufficient to estop Darling from ever asserting that the payment of the note would not discharge defendants' said indebtedness to him.

1, 2. Plaintiff was the payee of the note and in possession of the same at the time the suit was brought and, therefore, was the holder of the note. Section 7982, Or. L. The note was a negotiable instrument and, under Section 7843, Or. L., the holder of a negotiable instrument may sue thereon in his own name, and payment to him in due course discharges the instrument. He was, therefore, the proper party to sue on the note and, being the person expressly authorized by statute, he could sue without joining with him the person for whose benefit, in whole or in part, the suit was prosecuted as provided by Section 27, Or. L. This statute, which requires that every action shall be prosecuted in the name of the real party in interest, "was enacted for the benefit of a party defendant, to protect him from being again harassed for the same cause. But if not cut off from any just offset or counterclaim against the demand, and a judgment in behalf of the party

suing will fully protect him when discharged, then is his concern at an end": *Sturgis* v. *Baker,* 43 Or. 236 (72 Pac. 744). But regardless of these considerations, even if there had been any merit in the contention that plaintiff was not the real party in interest, the objection would come too late, for if the objection appears upon the face of the complaint, it must be taken advantage of by demurrer, while if it does not appear upon the face of the complaint, it must be taken advantage of by answer, or otherwise it will be waived: *Pulkrabek* v. *Bankers' Mortgage Corp.,* 115 Or. 379 (238 Pac. 347), and authorities cited. Of course, there may be cases where, unknown to the defendants at the time of answer, the plaintiff in the action or suit has no interest in the subject matter of the litigation and that fact be shown for the first time upon the trial. In such a case the defendant, not having had an opportunity to raise the objection by demurrer or answer, would not be precluded from insisting upon the objection, although not raised by demurrer or answer, especially so where the real party in interest had done no act which would estop him from asserting his claim against the defendant. But here defendants had the same knowledge of the facts that plaintiff had and, if there had been any merit in their contention, they could have answered and not having answered, their objection was waived.

3. Defendants raise one other point. It appears from the evidence that defendants David formerly owned and sold the mortgaged hotel property to Darling and shortly thereafter repurchased it from Darling at an advance in the purchase price of $2,500 and that while negotiating with Darling for its repurchase, Mrs. David informed plaintiff, her father,

that if she purchased the hotel property she would like to buy an adjoining lot belonging to third parties as a playground for her child, and he informed her that the lot could be bought for $1,200. She testified, which testimony was denied by plaintiff, that plaintiff verbally agreed to buy the lot and convey it to her for that sum. Subsequently, plaintiff did buy the lot for $1,200 and still later, when defendants repurchased the hotel property from Darling, he sold and conveyed the lot to defendants for the agreed sum of $1,800 and defendants paid thereon in cash the sum of $500 and the remainder of the purchase price of the lot was included in the amount for which the mortgage was given. Defendants contend that they are entitled to counterclaim against plaintiff the difference between the amount paid by plaintiff and the amount for which Mrs. David says plaintiff agreed to sell the lot to defendants. The agreement was not in writing and, therefore, if made, it could not operate to create an express trust and, it being a contract for the sale of land and not being in writing, it was not enforceable and, therefore, a violation of its terms could not be the basis of a valid counterclaim. Defendants advanced no part of the purchase price which plaintiff paid for the lot and, the contract not being in writing, defendants were not legally obligated to take the lot off plaintiff's hands and repay him the amount which he had paid therefor, nor was it enforceable for any purpose by either of the contracting parties. It was not a case where one party purchases land with money furnished by another and takes title in his own name, and there are no facts or circumstances in this case from which a resulting or constructive trust could arise.

Finding no merit in any of defendants' contentions, we must affirm the decree.

AFFIRMED. REHEARING DENIED.

COSHOW, C. J., and MCBRIDE and ROSSMAN, JJ., concur.