Submitted on brief February 9; affirmed March 21, 1933

BENSON ET UX. *v.* CITY OF MEDFORD

(20 P. (2d) 232)

*F. P. Farrell,* of Medford, for appellant.

*Allison Moulton,* of Medford, for respondents.

BELT, J. This is an action to recover damages on account of sewage which the city of Medford permitted to escape from its septic tank into a stream running through real property alleged to be owned in fee by plaintiffs. The cause was submitted to a jury and a verdict returned in favor of the plaintiffs and against the city, in the sum of $500.

The city asserts that there was a misjoinder of parties plaintiff in this action, to which timely objection was made, and that the judgment in favor of the plaintiffs should, by reason thereof, be reversed. The city, in its answer, denied that the plaintiff Axel Ben-

son was the owner in fee simple of the real property in question or that he had any interest therein. To establish the ownership in the real property as alleged in the complaint, it appears from the bill of exceptions that there was offered in evidence a deed wherein the wife, or the plaintiff Adina Benson, was named as sole grantee and that certain testimony was received to show that she held such legal title in trust for the use and benefit of her husband. Upon the conclusion of plaintiffs' case in chief, the city moved for a judgment of nonsuit on the ground that there was no evidence of a joint cause of action as alleged in the complaint. Thereupon, the plaintiff Axel Benson waived any claim for damages against the city other than those affecting the use or occupation of the real property. It also appears from the bill of exceptions that the court, in substance, instructed the jury that if plaintiffs were entitled to damages, none should be assessed by reason of any personal discomfort plaintiffs may have sustained on account of odors or other conditions existing as alleged in the complaint and shown by the evidence, but should take such evidence into consideration only as it affected the rental value of the real property during the period of time as alleged in the complaint. With the limitation thus made by the trial court on the extent of damages we fail to see wherein the defendant is injured. Assuming that the title in fee to the real property was vested in the wife alone, the plaintiff, Axel Benson, by reason of his marital status, unquestionably had such interest therein as to make him a proper party, with his wife, in an action to recover damages based on depreciation of rental value of the premises. If the case had been submitted to the jury in keeping with the allegations of

the complaint concerning the full measure of damages, defendant would have had cause to complain. However, the judgment rendered in this action will fully protect the city when discharged or satisfied: *Sturgis v. Baker,* 43 Or. 236 (72 P. 744). There will be no danger of the city being subjected to another action, based on the same state of facts, to recover damages to the real property involved herein.

The judgment of the lower court is affirmed.