Argued April 10; affirmed May 22, 1934

# TITLE & TRUST CO. *v.* UNITED STATES FIDELITY & GUARANTY CO.

(32 P. (2d) 1035)

*L. J. Balbach,* of Portland (Sheppard & Phillips, of Portland, on the brief), for appellant.

*Robert G. Smith,* of Portland (Roscoe P. Hurst, of Portland, and T. Leland Brown, of The Dalles, on the brief), for respondent.

ROSSMAN, J. Since complete statement of the controversy out of which this appeal arose and a copy of the bond upon which it is predicated are set forth in our decision entitled *Title & Trust Company v. United States Fidelity & Guaranty Company,* 138 Or. 467 (1 P. (2d) 1100, 7 P. (2d) 805), we shall now confine ourselves to only a brief statement.

E. Henry Wemme, who died December 17, 1914, owning 98 of the 100 shares of the capital stock of The E. Henry Wemme Company, directed in his will that the corporation should pay to Hattie E. Miller and Mamie Karlan $35 a month during the remainder of their lives. For many months following Wemme's death the corporation made these payments, but in February, 1927, discontinued them. May 7, 1927, the two women instituted a suit to enforce payment of the annuities, to enjoin the corporation from further disposing of its assets, and to compel it to set aside sufficient of its assets to create a trust fund out of which payment of the annuities would be assured. At the time of the filing of the complaint the circuit court issued a temporary injunction restraining the corporation from transferring the two items of its assets specifically mentioned in the complaint. July 19, 1927, the corporation moved for a vacation of the temporary restraining order, which motion was granted after it had supplied the dissolution bond with which we are now concerned. The only portion of the bond of which we need now take notice provides:

"Now, therefore, we, The E. Henry Wemme Company and the Overlook Land Company, as principals, and the United States Fidelity & Guaranty Company, a corporation organized under the laws of the State of Maryland and authorized under the laws of the State of Oregon to transact the business of surety, as surety, hereby undertakes that if the defendants above named carry out any decree which may be given against them, not exceeding the sum of Ten Thousand and 00/100 ($10,000.00) Dollars, then this obligation shall be null and void; otherwise to remain in full force and effect."

December 12, 1928, the circuit court disposed of the cause by a decree which (1) granted each of the two women judgment against the Wemme Company for the

sum of $35 a month for the term extending from March, 1927, to December, 1928; (2) appointed the Title & Trust Company, the present plaintiff, trustee to collect from the Wemme Company $20,000 as a trust fund to assure payment of the annuities; and (3) empowered the trustee, in the event that the Wemme Company did not voluntarily deliver to the trustee sufficient of its assets to make the trust fund, to institute action against it and also against the present defendant, as surety upon the aforementioned undertaking.

After the entry of the decree no sums were delivered to the Title & Trust Company for the creation of the trust fund, and on April 4, 1929, the present plaintiff instituted this action against the United States Fidelity & Guaranty Company, praying judgment for the sum of $10,000. Upon trial the desired judgment was rendered, but upon appeal was reversed. See *Title & Trust Company v. United States Fidelity & Guaranty Company,* 138 Or. 467 (1 P. (2d) 1100, 7 P. (2d) 805). After the cause had been remanded to the circuit court the plaintiff amended its complaint, but without effecting any material change in it. One portion of the new material alleges:

"Hattie E. Miller is living and of the age of 60 years, and Mamie Karlan is living and of the age of 53 years, and the life expectancy as of December 12, 1928, of Hattie E. Miller is —— years, and of Mamie Karlan is 23 years."

After the amended complaint had been filed the defendant filed a demurrer

"on the ground and for the reason that said alleged cause of action stated therein is not brought or stated by the real party in interest, and that said Title & Trust Company has not the capacity to sue in that the amended complaint shows affirmatively that Hattie E.

Miller and Mamie Karlan are the real parties in interest; and upon the further ground that the decision on the petition for rehearing in the Supreme Court of the State of Oregon, as rendered by the Honorable Judge Kelly, held, found and determined that the real parties in interest were Hattie E. Miller and Mamie Karlan and not the Title & Trust Company. * * *''

The defendant, without obtaining a ruling upon this demurrer, filed its answer which made no special mention of the plaintiff's lack of interest. This answer, after many denials, plead a second affirmative defense from which we quote:

''Thereafter in order to secure the dissolution of said injunction the Overlook Land Company and the E. Henry Wemme Company tendered a bond signed by this defendant; that in and by the terms of said bond this defendant agreed to abide by any valid decree entered in said cause; that the only valid decree entered in said cause was for a judgment approximating the sum of Fourteen Hundred ($1,400.00) Dollars and this is the only amount for which this defendant is liable or may become liable under the terms of the decree and bond.''

These averments are followed by a third affirmative defense from which we quote:

''If it be found upon the trial of this cause that the measure of damages to which plaintiff is entitled is the loss plaintiff sustained by reason of the dissolution of the injunction, the plaintiff could not recover a sum in excess of Three Thousand ($3,000.00) Dollars.''

The bill of exceptions recites that before the trial the defendant demurred

''to both the complaint and the amended complaint and also the supplemental complaint on the ground and for the reason that neither of the said complaints states the cause of action which they claim for them; for the further reason that the complaint—in the

complaint it says that this plaintiff, the Title & Trust Company, has no interest and is not the real party in interest. * * * The pleadings show that Hattie E. Miller and Mamie Karlan are the real parties in interest instead of Title & Trust Company''.

This oral demurrer did not expressly mention any contention that the complaint failed to state a cause of action. It was overruled. Upon the trial this evidence disclosed substantially the same facts as were revealed upon the first trial except that the two annuitants stated their ages.

We shall now consider the contentions advanced by the defendant which challenge the plaintiff's right to maintain this action. Section 1-301, Oregon Code 1930, provides that ''every action shall be prosecuted in the name of the real party in interest''. In our decision disposing of the first appeal, Mr. Justice KELLY, in stating the rules governing the measurement of damages, analyzed the cause of action which arose when the provisions of the undertaking, signed by the defendant, were breached. Since this analysis clearly points out the real parties in interest, we deem it useful to quote from the decision the following:

''The measure of compensatory damages for breach of a bond is determined by the principles applicable to contracts generally. The object to be attained is to reimburse the obligee for actual damages sustained not in excess of the amount limited in the undertaking. Applying that rule, the measure of damages in this case would be the value of the bequests given to Hattie E. Miller and Mamie Karlan at the time of the trial of this action, but not in excess of ten thousand dollars ($10,000.00). The creation of a trust fund by the equity court, no matter in what amount, could neither augment nor diminish the amount of the loss sustained by the legatees in failing to receive the payments provided for in said will. * * * The question necessarily

arises whether the amount recoverable should be limited to the aggregate amount of the unpaid installments of said legacies due at the time of the retrial, or whether consideration should be given to an award for loss of prospective installments. Owing to the form of the undertaking, only one recovery may be had; and in consonance with justice and fair dealing, the award should include not only the amount due and unpaid upon said legacies at the time of the retrial, but also an amount representing the current value of future installments of which the legatees will be deprived by the default of The E. Henry Wemme Company in failing to carry out the terms of said decree. * * * In our original opinion, we held that the amount of damages sustained by plaintiffs in the Miller-Wemme case, by reason of the failure of the defendants therein to carry out the terms of the decree, constitutes the maximum of plaintiff's recovery herein, subject at all times to the restriction that no recovery can be had in excess of the penal sum mentioned in said undertaking. These damages would amount to the value, at the time of the trial, of the aggregate amount of the installments of the bequests in question of which said plaintiffs were deprived and would be deprived during their natural lives by reason of said failure to carry out the terms of said decree. This is not an equitable proceeding. It is not a suit to enforce specific performance. It is an action at law wherein a trust fund can neither be created, administered nor perpetuated. Its purpose is to award a single judgment, in case plaintiff prevails, by which the damages, if any, arising from the breach of the bond may be compensated."

These excerpts, together with other similar passages of the decision, make it abundantly evident that the purpose of the present action is not to establish a trust fund but to compensate the two women with damages for the loss which they sustained when the Wemme Company failed to comply with the provi-

sions of the decree entered in the equity suit. The amount of damages, as is further evident from the aforementioned decision, is to be determined in precisely the same manner as it would be if the two women themselves were the parties plaintiff, and consists of the total of (a) accrued payments and (b) the present cash value of the future installments based upon the life expectancies of the two women. Not only did our previous decision employ painstaking care to make the above matters clear but it also expressly declared that Hattie E. Miller, Mamie Karlan and the defendant are the real parties in interest. Thus, we there stated:

"The real parties in interest are the plaintiffs in the Miller-Wemme case and the defendant herein."

The decision explains why the failure to have instituted the action in the name of the two annuitants was not fatal in the following words:

"To this end plaintiff was appointed trustee and, among other things expressly authorized by the court of equity, to institute action upon any undertaking given in said suit. Bearing in mind that this authority was given in a suit wherein Hattie E. Miller and Mamie Karlan were plaintiffs, at their instance and for their protection, it cannot be successfully argued that they would not be bound by the result of this action as completely as if it had been instituted by them personally. * * * The trustee appointed in the Miller-Wemme case is only a nominal plaintiff whose right to represent the real parties in interest was not challenged until defendant interposed a motion for nonsuit."

■ In view of the above interpretation of the nature of the cause of action stated in the complaint, it seems evident that while the complaint states a cause of action possessed by the two annuitants it states none possessed by the plaintiff. It is not sufficient that a complaint should state a cause of action in some one;

it must state one belonging to the plaintiff, or otherwise it is vulnerable when attacked by general demurrer: *MacLeod v. Stelle,* 43 Idaho, 64 (249 P. 254). Hence, if the demurrer which the defendant interposed shortly after the complaint had been filed can be construed as one which challenged the sufficiency of the complaint as a statement of a cause of action, it should have been sustained. But, in lieu of asking for a ruling, the defendant filed its answer, and, as will be observed from the paragraphs quoted from that pleading, recognized that the plaintiff was entitled to maintain this action. Immediately preceding the trial the defendant apparently changed its views and interposed the oral demurrer mentioned in a preceding paragraph of this decision, but did not remove from its answer the above-quoted language. In view of this anomalous situation, it may be well to take note of the objective which section 1-301, Oregon Code 1930, seeks to achieve. The oft-quoted language of *Sturgis v. Baker,* 43 Or. 236 (72 P. 744), points out that this section of our laws

"was enacted for the benefit of a party defendant, to protect him from being again harassed for the same cause. But if not cut off from any just offset or counterclaim against the demand, and a judgment in behalf of the party suing will fully protect him when discharged, then is his concern at an end."

See to the same effect *Beck v. David,* 128 Or. 542 (274 P. 914); *Lentz v. Oregon Growers Coop. Assn.,* 116 Or. 683 (242 P. 826); *Blaser v. Fleck,* 96 Or. 187 (189 P. 637). Such being the nature of the right which the defendant asserts, it seems evident that the following observations made by Mr. Justice KELLY in the preceding decision are as applicable now as they were then:

"Bearing in mind that this authority was given in a suit wherein Hattie E. Miller and Mamie Karlan

were plaintiffs, at their instance and for their protection, it can not be successfully argued that they would not be bound by the result of this action as completely as if it had been instituted by them personally.''

 The plaintiff is not a stranger to these parties nor to this cause of action. It seeks nothing for itself. The two annuitants are not entitled to both damages for the nonpayment of their annuities and the creation of the trust fund. Payment of damages for breach of the provisions of the bond will render unnecessary the creation of a trust fund and terminate the defendant's liability upon that instrument. Since the two annuitants freely participated in the maintenance of this action, they will be bound by its result as completely as if it had been instituted in their names. The attitude assumed by the defendant in the above-quoted portions of its answer recognized the plaintiff as the proper party plaintiff. The reasons which induced it to do so are immaterial to this court. The provisions of section 1-301, Oregon Code 1930, are for the protection of the defendant and do not promulgate a rule of law with which society has such general concern that a defendant may not waive its benefit. Therefore, since the answer concedes that the plaintiff is the proper party plaintiff, our concern is at an end and we are required to believe that the defendant has satisfied itself that for the purpose of this action the two annuitants transferred their cause of action to the plaintiff. A complaint may be aided by the averments of the answer. And, hence, we assume that if a plaintiff, suing as the repository of a cause of action, neglects to allege in his complaint how he became possessed of the cause of action the averments of the answer, if they supply the missing allegation, will cure the defect. We

are, therefore, required to conclude that the answer supplies the averment missing from the complaint and thus cures its defect. It follows from this conclusion that neither this assignment of error nor any of the others, which in various forms present these same contentions, reveals any merit. We add that since the money recovered upon this cause of action is damages for the women and not a trust res for the trust fund the trustee will not be entitled to keep any part of the judgment except the costs, but will be obliged to remit it in gross to the women immediately upon its receipt.

■ The defendant argues that, since the plaintiff did not prove that the Wemme Company was unable to comply with the decree at the time of its entry, no breach of the provisions of the bond has been proved. This contention ignores the plain words of our previous decision which pointed out that the failure of the Wemme Company to transfer to the plaintiff $20,000 of its assets was in itself a breach of the provisions of the bond. Before quoting those portions of our previous decision which this contention ignores, we remind ourselves that the bond was given to assure compliance with any decree that the court might subsequently enter, that the court entered the aforementioned decree making provision for the creation of the trust fund, and that the decree was a mandate upon the Wemme Company requiring it to convey to this plaintiff $20,000 of its funds. We now quote from our previous decision the following:

"We hold that the failure of said defendants to comply with the decree, no matter in what amount, constitutes a breach of the terms of said undertaking. * * * Paragraph II of the decree appoints the plaintiff herein trustee to collect and receive from The E. Henry Wemme Company the sum of $20,000.00

as a trust fund to be held and invested as a trust fund for the payment of the legacies of plaintiff, etc. The covenant in the bond in suit is that defendants therein shall carry out any decree which may be given against them. To the writer the correct construction of the decree is that it is a mandate upon The E. Henry Wemme Company to pay $20,000.00 to the trustee therein named, the same to constitute a trust fund. * * * The covenant of defendant herein is that said Wemme Company shall carry out the decree in the equity court. That decree required the Wemme Company to pay to the trustee $20,000.00 as a trust fund. The failure to pay that sum constitutes the breach of the bond in suit.''

Although we have carefully considered the extensive portions of the defendant's brief wherein it presents a different interpretation of the covenants of the bond, we remain entirely satisfied with the above. The covenants were breached when the Wemme Company failed to make the required transfer of its assets to the plaintiff. This being true, it follows that a breach of the provisions of the bond has been established by the proof.

■■ The defendant argues that the circuit court, in awarding $10,000 damages, ignored those portions of our previous decision which, as we have seen, held that the two women were entitled to recover as damages the total of (a) accrued annuities, and (b) the present cash value of such annuities as would accrue during their life expectancies. It argues that the court failed to discount the future payments in ascertaining their present cash value, and that it considered only the ages of the annuitants, failing to take into consideration the present condition of their health and constitutions. No payments have been made to either of the beneficiaries since February, 1927, and therefore there was due to them April 10, 1934, when the appeal was

argued before this court, a total of $6,020 of unpaid annuities. When six per cent interest is added upon the annual defaults, we have a total of $7,078.40. This sum is, in all events, recoverable. In April of 1934 Hattie E. Miller was 65 years of age, and, according to the American Experience Mortality Table, had a life expectancy of 11.10 years. In the same year Mamie Karlan was 60 years of age, and, according to the same mortality table, had a life expectancy of 14.10 years. The transcript of evidence contains no suggestion as to the condition of the health and constitution of the two women. However, both of them testified at the trial in the circuit court, and it is fair to assume that if the appearance or conduct of either revealed any evidence of illness or infirmity some indication of such fact would have crept into the record. The findings of fact of the circuit court entered May 16, 1933, found ''Hattie E. Miller is of the age of 64 years and has a life expectancy of 11.67 years, and the said Mamie Karlan is of the age of 59 years and has a life expectancy of 14.74 years, and the sum of money that will be required to pay the annuities matured at this time and the annuities which will mature during their life expectancies is a greater sum than $10,000.00 and in excess of $14,000.00''. In determining the life expectancy the health and constitution of the individual should be considered as well as the age. When all briefs had been filed with the clerk of this court, the attorney for the plaintiff moved to have it advanced upon our docket because, according to his affidavit, ''Hattie E. Miller, one of the beneficiaries under the will of E. Henry Wemme, deceased, is in a critical physical condition and may not live to learn the outcome of this cause if the same is not advanced for immediate hearing''. The affidavit was supported by a

physician's certificate. No suggestion is made that Mamie Karlan's health is other than normal. Assuming it to be such, in the absence of information to the contrary, the cash value of her annuity in April, 1934, was $3,448.68. This sum when added to $7,078.40 makes a total of $10,566.08. It will be observed that this total, exceeding the $10,000 damages awarded by the circuit court, was obtained without taking into consideration anything whatever for Hattie E. Miller, though it is evident that she is possessed of a life expectancy even though her illness may be critical. We conclude that the assignment of error, based upon this contention, is without merit. In view of the repeated arguments of the defendant that the trust fund will enrich the plaintiff if the two annuitants do not survive their life expectancies, and the attitude displayed in the plaintiff's brief, we add once more that the damages awarded in this action are not to be held by the plaintiff in trust, but must be paid at once to the two annuitants.

■ Based upon its interpretation of section 46-134, Oregon Code 1930, the circuit court awarded to the plaintiff an allowance as compensation for the attorneys who represented it in the trial of this cause. In our previous decision we pointed out that the plaintiff was not entitled to such an allowance because it had failed to file any proof of loss with the defendant. The evidence adduced upon the second trial has not changed this circumstance. The plaintiff spoke to the defendant concerning the creation of the trust fund but never concerning damages. Thus no proof of loss was ever filed with the defendant, and neither the two annuitants nor the plaintiff ever made upon the defendant a demand for the relief which is the subject matter of this action-damages. After considering once more

this section of our laws, we remain satisfied that the plaintiff is not entitled to recover an attorney's fee. It will be observed that the amount payable in this action was not a liquidated sum, and that the attorneys who prosecuted this case were not in the employ of the annuitants but in the employ of the plaintiff.

Many additional matters are argued in the exhaustive brief filed by counsel for the defendant. They have received our careful attention, but in view of the fact that our previous decision analyzed all of them not specifically mentioned in this decision, we shall not again state our views concerning them. We believe that we are bound by the decree entered in the Miller-Wemme suit and that we must give effect to our previous decision. It will, therefore, have to suffice.

The cause will be remanded to the circuit court with instructions to enter a judgment in favor of the plaintiff in the sum of $10,000, omitting award of an attorney's fee.

BELT and CAMPBELL, JJ., concur.

RAND, C. J., concurs in the result.

---

BAILEY, J., concurring, in part, in the result, and dissenting in part.

The original complaint in this action was filed on April 4, 1929. On March 10, 1930, the plaintiff filed a supplemental complaint in which it alleged that prior to January 1, 1929, demand was made upon the defendant for the sum of $10,000, the amount of its undertaking, and that the defendant had failed and refused to pay that sum or any part thereof. The supplemental complaint further alleges that $1,000 is a reasonable sum to be allowed as attorneys' fees.

After this court had, on the first appeal, reversed the judgment appealed from, the plaintiff on June 3,

1932, filed an amended complaint, the allegations of which are substantially the same as in the original complaint, with the exceptions hereinafter noted. In this amended complaint it is alleged that Hattie E. Miller is living and is of the age of 60 years, with a life expectancy of — years, and that Mamie Karlan is living and 53 years of age, with a life expectancy of 23 years; that on December 28, 1928, plaintiff made demand upon the defendant for payment to it of the sum of $20,000 for the trust fund which plaintiff was to administer; that defendant refused to pay the sum demanded or any part thereof; and that plaintiff has been put to great expense in maintaining the action and for the employment of counsel, in the aggregate sum of $2,000. The prayer is for a judgment in the sum of $10,000 and the further sum of $——, special damages, and for plaintiff's costs and disbursements.

On the date when the amended complaint was filed the plaintiff filed a supplemental complaint in which it alleged that since the commencement of the action neither the defendant nor The E. Henry Wemme Company had paid any sum of money to plaintiff or to Hattie E. Miller or Mamie Karlan on account of the decree rendered in the circuit court or in payment of the bequests made to said Miller and Karlan in the will of E. Henry Wemme of $35 per month each from February, 1927; and that there is due to each of said beneficiaries the sum of $35 per month for the month of March, 1927, and a like sum for each and every month thereafter. It is further averred in the supplemental complaint that said Hattie E. Miller is still living, is 64 years of age and has a life expectancy of —— years; and that said Mamie Karlan is still living, is 58 years of age and has a life expectancy of 18 years. The supplemental complaint further alleges that on

December 28, 1928, the plaintiff and said beneficiaries demanded payment by the defendant in accordance with the decree of the circuit court rendered by the Honorable Robert G. Morrow, judge, for the sum of the bequest to the said beneficiaries as found due in said decree, and for the balance of the sum of $10,000 for a trust fund as provided in said decree, and at said time offered to make to defendant such proof of loss or its liability under such decree as defendant might desire or require; that the defendant at that time denied any and all liability for any sum whatever upon its undertaking, and asserted and declared to plaintiff that it was fully informed as to the decree referred to and did not desire or require any proof of said decree or notice thereof or proof of loss; and that by reason of the facts alleged the defendant ought to be estopped from claiming or alleging that the plaintiff or said beneficiaries "failed to make proof of loss because of or upon said undertaking".

The supplemental complaint alleges that $2,000 is a reasonable amount to be allowed as attorneys' fees, and prays for $10,000 and for the sum of $2,000 as attorneys' fees.

The first question to be considered is whether or not the trial court erred in awarding attorneys' fees to the plaintiff. Reference has been made to the fact that on the first appeal the original and supplemental complaints omitted certain facts which were alleged in the amended and supplemental complaints filed after the cause was remanded for further proceedings. What was said concerning attorneys' fees on the first appeal is not applicable here, for the reason that the plaintiff amended its pleadings so as to cure certain defects pointed out when the case was first here for determination. On rehearing Mr. Justice KELLY, speak-

ing for the court, pointed out that the original supplemental complaint failed to state when demand was made upon the defendant and failed to show whether or not, at the time demand was made, the defendant was under any obligation to pay. He further directed attention to the fact that the plaintiff failed to allege that any demand was made for the bequests and failed to allege "that defendant did anything or failed to do anything constituting a waiver of proof of loss".

In the supplemental complaint filed after the cause had been remanded the plaintiff did allege acts on the part of the defendant constituting a waiver of proof of loss.

The case was tried by the circuit court without the intervention of a jury, and the court made, among others, the following finding:

"At the time the said demand was made, as stated herein, the defendant expressly declared that it would not pay said sum of $10,000.00 or any part thereof and denied and disclaimed any and all liability in any sum because of or on account of the undertaking alleged in the complaint as executed by the defendant as surety for The E. Henry Wemme Company, *et al.*, or the decree set forth in Paragraph VI of these Findings, and at said time the defendant well knew and was informed of the nature and import of said decree and the defendant, at the time said demand was made, denied and disclaimed any liability to the plaintiff or Hattie E. Miller or Mamie Karlan because of said decree and the defendant never requested or demanded any proof of the rendering of said decree and by the statements and assertions of its agents and officers waived any proof of its liability."

Section 46-134, Oregon Code 1930, provides that the plaintiff, in an action brought on his policy of insurance, "in addition to the amount which he may recover, shall also be allowed and shall recover as

part of said judgment such sum as the court or jury may adjudge to be reasonable as attorneys' fees in said suit or action''. That section of the code applies also to actions brought on bonds and undertakings: *School District v. New Amsterdam Casualty Co.*, 132 Or. 673 (288 P. 196); *Fred Christensen, Inc., v. Hansen Construction Co.*, 142 Or. 549 (21 P. (2d) 195).

The circuit court definitely found that the defendant had waived any proof of its liability, which finding, if there is any evidence to support it, is binding on this court. By defendant's denial of all liability on its bond and by its other acts set forth in the finding above quoted, the necessity of proof of loss was obviated: *Eaid v. National Casualty Co.*, 122 Or. 547 (259 P. 902).

According to the supplemental complaint last filed, proof of loss was submitted by the plaintiff and the beneficiaries to the defendant in December, 1928, less than six months prior to the filing of the original complaint. The plaintiff, as such demand was so made, had the right after the lapsed six months to file a supplemental complaint asking for attorneys' fees: *Walker v. Fireman's Fund Insurance Co.*, 114 Or. 545 (234 P. 542); *Massachusetts Protective Ass'n, Inc., v. Palmer*, 141 Or. 688 (18 P. (2d) 585).

It is not easy to understand how the amount sought to be recovered in this action is more difficult of ascertainment or more unliquidated than it would be in an action on a fire insurance policy or many other instances based on insurance policies and undertakings on bonds in which attorneys' fees are allowed. If attorneys' fees are to be denied in this case because the amount of recovery is unliquidated, then such fees must also be denied in many cases which the statute sought to cover.

We have here the strange inconsistency of denying reasonable attorneys' fees to plaintiff because the amount of recovery sought in this action is indefinite and uncertain, even while allowing plaintiff the entire amount of the bond by computing the future monthly payments by mere reference to mortality tables.

Based on the pleadings, the evidence and the findings of the trial court, the plaintiff is entitled to the amount awarded as attorneys' fees in this action. Something is said in the majority opinion to the effect that the attorneys who prosecuted the action were not in the employ of the annuitants, but in the employ of the plaintiff. According to the section above referred to, the plaintiff is entitled to attorneys' fees, and not the beneficiaries.

This court on the former appeal decided that the plaintiff could maintain this action, and the question of whether or not the demurrer to the amended complaint should have been sustained on the ground that the plaintiff was not the real party in interest was decided adversely to the defendant then.

I can not concur in the statement of the majority of the court that the demurrer to the complaint should have been sustained if construed as challenging the sufficiency of that pleading. Nor can I concur with the majority opinion that the amount now due the beneficiaries can be considered in determining whether or not the amount awarded by the circuit court was correct. We must take the facts as shown by the record. I concur, however, in the conclusion that plaintiff is entitled to a judgment of $10,000 in addition to the attorneys' fees awarded by the circuit court.

BEAN, J., concurs, as to the allowance of attorneys' fees.