Argued November 9, 1937; affirmed February 1, 1938

# UNITED STATES FIDELITY & GUARANTY CO.
## *v.* WEIS ET AL.

(75 P. (2d) 754)

Department 2.

*L. J. Balbach* and *W. K. Phillips,* both of Portland (Sheppard & Phillips and L. J. Balbach, all of Portland, on the brief), for appellant.

*J. C. Veazie* and *William A. Carter,* both of Portland (Joseph, Veatch & Bradshaw and Veazie & Veazie, all of Portland, on the brief), for respondents.

BAILEY, J.   The United States Fidelity and Guaranty Company, a corporation, plaintiff, has appealed from a decree in favor of the defendants H. A. Weis, J. J. Cole and Jessie M. Carson, entered in a suit instituted by plaintiff against said defendants, three other individual defendants and Equitable Savings & Loan Association, a corporation.

The demurrer of defendants Weis, Cole and Carson to the complaint, on the ground that it did not state facts sufficient to constitute a cause of suit, was sustained, and, upon the refusal of the plaintiff to plead further, a decree was entered dismissing the suit as to those defendants. We are here concerned only with the question of whether or not the complaint states a cause of suit against the three demurring defendants.

The suit involves a feature of the E. Henry Wemme will which has not heretofore been before this court. According to the allegations of the complaint, the will of E. Henry Wemme was admitted to probate in Multnomah county, Oregon, on December 29, 1914, and the probate of that estate was closed on or about August 2, 1919. The will recited that the testator had caused to be formed The E. Henry Wemme Company, a corporation, with capital stock of $100,000 divided into 100 shares of $1,000 each, and that the testator was owner of all except two shares of that stock, and of the

remaining two shares one was owned by H. A. Weis and one by Jessie M. Carson.

By his will Mr. Wemme bequeathed to Weis and Carson all the right, title and interest, if any, which he had in and to the shares of stock standing in each of their names, which shares had apparently been given to them as qualifying stock, and also bequeathed to Weis two additional shares of stock, to Jessie M. Carson one additional share, and to Cole one share of stock. All but a few of the remaining shares of stock in the company were bequeathed to relatives of the testator.

The fifth and eighth numbered paragraphs of the will follow the foregoing provisions and read thus:

"Fifth: Notwithstanding the devises hereinbefore made of the capital stock of said The E. Henry Wemme Company, it is my will and I hereby direct that before the payment of any dividends on any of the capital stock of said The E. Henry Wemme Company, there be first paid from the rents, issues and profits collected and owned by said corporation, the following amounts to the following persons respectively:

"To Mary Varney the sum of $35.00 each month during her natural life, To Hattie E. Miller, the sum of $35.00 each month during her natural life, to Josephine Millsap the sum of $35.00 per month each month during her natural life, to Mamie Karlan, the sum of $35.00 each month during her natural life.

\*    \*    \*    \*    \*    \*    \*

"Eighth: The balance and residue of my property of whatsoever kind or nature and wherever situate, real, personal and mixed, and not hereinbefore bequeathed or devised, I give, devise and bequeath unto said corporation The E. Henry Wemme Company, to belong to it forever, for its own use and benefit."

In accordance with the bequest in said will, the Wemme company paid to Hattie E. Miller and Mamie Karlan each $35 per month, up to and including Feb-

ruary, 1927, and then refused to make any further payments to said beneficiaries. On or about May 7, 1927, Hattie E. Miller and Mamie Karlan as plaintiffs filed a suit in the circuit court for Multnomah county against the Wemme company, The United States National Bank of Portland, and The Overlook Land Company, a corporation, to enforce the payment by said Wemme company of said bequest, to enjoin the disposal or transfer of its corporate assets, to enforce a lien as security for the payment of said bequest and to have set aside out of said assets a trust fund to be administered by a trustee appointed by the court, to pay the legacies to those plaintiffs. The United States National Bank of Portland was named as defendant therein to enjoin it from disposing of $3,000 belonging to the Wemme company on deposit in that bank, and The Overlook Land Company was made a party defendant to enjoin it from transferring forty-one shares of its capital stock owned by the Wemme company.

An injunction was issued by said circuit court against those defendants, and in order to secure the dissolution of that injunction the Wemme company and The Overlook Land Company as principals and United States Fidelity and Guaranty Company, plaintiff herein, as surety, executed a bond which provided that said principals and surety thereby undertook "that if the defendants above named carry out any decree which may be given against them, not exceeding the sum of ten thousand and 00/100 dollars ($10,000.00), then this obligation shall be null and void; otherwise to remain in full force and effect."

The suit instituted by the beneficiaries Miller and Karlan proceeded to a decree in which the court awarded them the past-due installments with interest

and appointed the Title & Trust Company, a corpora-
tion, as trustee to collect and receive from the Wemme
company $20,000 to be held by the said trustee for the
payment of the legacies to Miller and Karlan. After the
entry of that decree the Wemme company failed and
refused to pay to said trustee any part of the amount
awarded by the court to the beneficiaries as past-due
installments and also refused to pay to the trustee any
part of the $20,000 as a trust fund. An action was there-
upon instituted by the trustee against the United States
Fidelity and Guaranty Company on its undertaking and
recovery was had in the full sum of $10,000 with interest
and costs. The case was twice appealed to this court:
*Title & Trust Co. v. United States Fidelity & Guaranty
Co.*, 138 Or. 467 (1 P. (2d) 1100, 7 P. (2d) 805); Id. 147
Or. 255 (32 P. 2d) 1035. That judgment on July 24, 1934,
then aggregating $10,745.29, was satisfied by the plain-
tiff in this case.

According to the allegations of the complaint herein,
one Edward W. Wickey in the summer of 1926 con-
ceived a scheme whereby he and his associate, Walker,
would acquire all the capital stock of said Wemme
company and after obtaining control of said corpora-
tion dispose of its assets, consisting principally of a
quarter-block of improved real property in downtown
Portland. Pursuant to that alleged fraudulent scheme
and without the knowledge of these respondents, Wickey
and Walker by the end of January, 1927, had procured
an option from these respondents to purchase their
stock at the price of $4,000 per share. The option agree-
ment, together with the certificates of shares of stock
owned by these respondents, was placed in escrow in
one of the Portland banks. Wickey and Walker there-
upon proceeded to sell to the Equitable Savings & Loan

Association the real property in Portland owned by the Wemme company, for the sum of $350,000, which sale was consummated about March 10, 1927. Prior, however, to the sale to the Equitable Savings & Loan Association, Wickey and Walker caused the Wemme company to borrow from that association the sum of $200,-000, secured by a mortgage on said real property, and on March 1, 1927, out of the proceeds of such loan Wickey and Walker paid to the escrow holder $172,000, out of which amount the bank paid these respondents $4,000 a share for the stock owned by each of them.

After Wickey and Walker had acquired all the stock of the Wemme company they proceeded, as alleged in the complaint, to dispose of all the remaining assets of the corporation, and thereupon Wickey departed from the state and his present address is unknown to the plaintiff.

The complaint alleges that the real property which was sold to the Equitable association for $350,000 was of the reasonable value of $385,000, and in addition thereto the Wemme company owned 41 shares of the stock of The Overlook Land Company, "of the reasonable and fair market value" of $34,230. There is no allegation as to the Wemme company's having any indebtedness. It is therefore reasonable to assume that the stock owned by these respondents, on the basis of a total of 100 shares into which the capital stock of the Wemme company was divided, was worth $4,000 per share, the amount paid to the respondents. In fact, the complaint alleges that said stock was worth at least $3,842.30 per share, that amount being fixed by taking the $350,000 which was derived from the sale of the real property to the association and adding thereto the alleged value of the stock of The Overlook Land Company, making a total of $384,230, then dividing that

total by 100, the number of shares comprising the capital stock of the Wemme company.

It is further alleged that these respondents were named as executors of the will of E. Henry Wemme, deceased, and that they duly qualified and acted as such executors during the entire probate of the will; and that they had actual knowledge of the bequest made in said will to Hattie E. Miller and Mamie Karlan "and knew, or by the exercise of reasonable diligence could and should have known, that said bequest had not been paid except as hereinabove set forth." The payments, as alleged, comprised all the installments due up to and including the month of February, 1927.

The decree in the suit instituted by Hattie E. Miller and Mamie Karlan against the Wemme company and others was entered on December 12, 1928, more than 16 months after the plaintiff had executed the undertaking for the dissolution of the injunction. The said decree, after providing for a fund of $20,000 to be paid by the Wemme company to the trustee, reads as follows:

"If sufficient to make such trust fund is not now owned by The E. Henry Wemme Co., then the trustee is authorized to commence and prosecute any suit or action proper or necessary against any shareholder in The E. Henry Wemme Company who became such by or through the bequest of shares of stock made by E. Henry Wemme by his will, who received any dividends upon said shares as earnings or as a distribution of proceeds of the sale of the property or assets of The E. Henry Wemme Company, or against any person or corporation that holds or has acquired any of the property of The E. Henry Wemme Company since the probate of the will of E. Henry Wemme, with knowledge or notice of the rights of these plaintiffs as set forth in said will, and also upon any undertakings given in this suit by the defendant The E. Henry Wemme Company or any other defendant for the protection and benefit of plaintiffs."

It is also alleged that these respondents, together with other stockholders, had, up to the date of the sale of their stock, received various sums as dividends, the amount of which is unknown to the plaintiff.

The prayer of the complaint asks for a decree "adjudging that plaintiff is subrogated to all rights and remedies of Title and Trust Company and Hattie E. Miller and Mamie Karlan against any and all of the above named defendants to procure payments of the bequests made to Hattie E. Miller and Mamie Karlan in the will of E. Henry Wemme to the extent of $10,745.29, by way of reimbursement for the amount paid by the above named plaintiff upon the judgment entered against the above named plaintiff in the case of *Title and Trust Company vs. United States Fidelity and Guaranty Company* mentioned in the foregoing complaint."

The prayer further asks that these defendants and others be required to account for the money received as proceeds from the sale of the stock and as dividends, and that the plaintiff recover from the respondents and other individual defendants the amount which it was required to pay on the judgment hereinabove mentioned.

We have not here attempted to mention or summarize many of the allegations of the complaint, for the reason that they have reference particularly to the sale of the real property by Wickey and Walker to the association, and to a conspiracy between one of the Wemme heirs and Wickey and Walker, whereby those latter two associates were enabled to acquire through the alien property custodian ownership of a considerable part of the capital stock of the Wemme company. There is no charge or intimation that these respondents in any way were party to or knew of such conspiracy.

Nor is there any intimation that they knew or should have known where Wickey and Walker obtained the funds with which to pay them for their stock in the Wemme company.

The option to purchase the stock belonging to the respondents was, as hereinbefore stated, entered into in January, 1927, and the option was exercised by the optionees, Wickey and Walker, on March 1 of the same year. At the time that the option was given and when these respondents received the purchase price for their stock, the Wemme company was not in default in payment of the Miller and Karlan installments. From all that appears in the complaint, the Wemme company might have had at that time a large surplus of undistributed earnings.

■■ Wemme bequeathed their respective shares of stock to each of the respondents without restrictions, "to be his forever". It was apparently not the intention of the testator that all the earnings of the corporation should be placed in a surplus fund to be retained as such surplus until the death of the last of the four beneficiaries of the provision for monthly payments. Otherwise, an explicit provision for that purpose undoubtedly would have been made. What the testator apparently intended was that no dividends should be paid to the stockholders as long as any of the monthly installments to the four beneficiaries remained unpaid or appeared likely to be unpaid. Moreover, there is no allegation that the accumulated earnings were insufficient at the time these respondents received whatever dividends were paid them, or at the time they disposed of their stock, to pay all monthly installments provided by the will. If we are to take as true the allegations of the complaint, as we must when tested by demurrer, it was the action of Wickey and Walker in looting the

corporation after acquiring ownership of its capital stock that prevented the corporation from carrying out the provisions of the will as to the specified monthly payments.

■ We find no merit in the appellant's contention that since these respondents were executors of the Wemme will they should have established, out of the assets of that estate, a trust fund for the payment of the installment legacies to the four beneficiaries, and that by reason of their failure to establish such trust they were derelict in their duty. The will did not impose any such duty on these respondents, nor were they ever requested to establish such a trust fund.

The complaint does not allege what the assets of the Wemme company were at the time the injunction was issued restraining it from disposing of its property and enjoining the bank and the Overlook company from disposing of certain property belonging to the Wemme company. It does, however, appear from the complaint that when the injunction was issued the bank had on deposit $3,000 belonging to the Wemme company and that the Wemme company owned 41 shares of the capital stock of the Overlook company worth in excess of $4,000. By giving a bond for the dissolution of the injunction the plaintiff made it possible for Wickey and Walker to strip the Wemme company of all its assets and thereby prevent it from carrying out the provisions of the will relating to payment of the installment legacies. The plaintiff now seeks to recover the amount paid to these respondents for their shares of stock, claiming that it is entitled to be subrogated to all the rights which the beneficiaries had. The complaint, however, fails to show what rights, if any, such beneficiaries had against these respondents at the time the plaintiff executed the bond. If the Wemme company

at that time had sufficient assets to pay the bequests to the four beneficiaries, and we must assume, from the failure of the complaint to show otherwise, that it had, then such beneficiaries had no right to proceed against these respondents.

It is not, however, necessary to decide here what rights, if any, the beneficiaries might have had against these respondents, had not the plaintiff executed the undertaking which forms the basis of this suit. Due to the execution of that bond the injunction then pending was dissolved and the fraud of which plaintiff now complains was made possible. The plaintiff, therefore, is not in a position to ask the aid of a court of equity to require the respondents, who disposed of their stock in good faith, at a fair price and without notice, to make good the loss which plaintiff has suffered.

Reference has been made by plaintiff to the provisions in the decree entered by the circuit court for Multnomah county in the suit brought by the beneficiaries against the Wemme company and others to establish a trust fund. Particular attention is directed to the provision authorizing the trustee appointed by the court to institute proceedings to recover from the bonding company on its undertaking and from certain stockholders who received moneys as dividends and otherwise from the Wemme company, if the assets of that company should prove insufficient to make up the amount specified as a trust fund. These respondents were not parties to that proceeding, and the court did not attempt to determine in that suit what their rights or obligations were.

We find that the trial court did not err in sustaining the demurrer to the complaint, and the decree appealed from is therefore affirmed.

BEAN, C. J., and RAND and LUSK, JJ., concur.